**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**DOCKETED**

JAN 3 1 2003

| | | |
|---|---|---|
| ENTERTAINMENT, INC., an Illinois Corporation, d/b/a ALL STARS and MICHAEL MICHALS, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. **03C 0692** |
| v. | ) | |
| THE CITY OF NORTHLAKE, an Illinois Municipal Corporation, and JEFFREY SHERWIN, in his official capacity as Mayor and Administrative Head of Northlake, and personally, | ) ) ) ) ) ) | **JUDGE GRADY** |
| Defendants. | ) | MAGISTRATE JUDGE DENLOW |

FILED-EDS
03 JAN 30 PM 1:55
CLERK
U.S. DISTRICT COURT

**COMPLAINT FOR VIOLATION OF CONSTITUTIONAL**
**CIVIL RIGHTS AND FOR DECLARATORY**
**AND PERMANENT INJUNCTIVE RELIEF**

NOW COME the Plaintiffs, ENTERTAINMENT, INC. an Illinois Corporation and MICHAEL

MICHALS, its President, who state as follows:

**JURISDICTION AND VENUE**

1.   This is an action for redress of violations of the Civil Rights guaranteed to Plaintiffs by the First, Fifth

and Fourteenth Amendments to the U.S. Constitution, as well as 42 U.S.C., Sec. 1983, 1988, as well

as for declaratory and permanent injunctive relief.

2.   Jurisdiction of the Court is invoked pursuant to the First, Fifth and Fourteenth Amendments to the U.S.

Constitution, as well as Article III, Sec. 2, thereof, Fed. R. Civil. P. 65, 28 U.S.C., Secs. 1331, 1343

(3), (4) and 1337, as well as Section 4 of Article I of the Illinois Constitution of 1970.

3.   Venue is proper pursuant to 28 U.S.C., Sec. 1391 (b).

**THE PARTIES**

4.   The Plaintiff, ENTERTAINMENT, INC., is an Illinois Corporation organized and operating pursuant

to the laws of the State of Illinois, with its lawful business being that of a Gentlemen's Club, which provides adult patrons with partially nude expressive or erotic dancing performances, beverages and alcoholic beverages. Its substantial building, parking lot and business premises are located at 11645 West Grand Avenue, and was recently force annexed into Northlake, Illinois, in or about August, 2000. The Gentleman's Club is known as "All Stars" and will be referenced as such herein.

5.    Plaintiff, MICHAEL MICHALS, is the President of the corporate entity, ENTERTAINMENT, INC., and is a sharholder and manager of that corporation and its business operation.

6.    The Defendant, THE CITY OF NORTHLAKE, ILLINOIS, is a body corporate and politic, organized pursuant to the Illinois municipal code.

7.    The Defendant, JEFFREY SHERWIN ("Sherwin") is the Mayor of the City of Northlake, pursuant to the "Strong Mayor" form of government. As such, he has the general authority to administer and enforce municipal ordinances within the City of Northlake and to issue or withhold, as the applicable law may require, permits, licenses, and authorizations for such things as the improvement of business structures within the City. For this reason, he is in a position to seek to enforce against the Plaintiffs the zoning restrictions described in paragraphs 14, 15 and 17 of this complaint either by directing the commencement of direct enforcement actions or by treating the Plaintiffs' nightclub or cabaret as a prior nonconforming use with respect to those zoning restrictions. On information and belief, the Mayor has taken an active part in effectuating a scheme to wrongfully force annex Plaintiffs' property and use, re-zone it and then ammoritize it out of existence. The Defendant Sherwin is sued in his official administrative capacity, as well as personally, for his non-legislative conduct in violating Plaintiffs' civil rights as set forth herein.

## OPERATIVE FACTS

8.    In or about 1995, the Plaintiffs leased an unimproved parcel of land of approximately 4.9 acres located in the I-3, General Industrial Zoning District of unincorporated Cook County, Illinois, which prior to

the time of Plaintiffs' lease was used as an asphalt yard.

9.  Plaintiffs developed and improved the real property and the structure thereupon into a Night Club known as "All Stars", which Plaintiffs have, at all times referenced herein, operated and managed it in a manner consistent with the descriptions in paragraphs 11, 12 and 13, hereinbelow.

10. From 1995 up until the forced annexation of this property in August, 2000 by the Defendant, City of Northlake, "All Stars" was fully licensed in Cook County and was fully compliant with all County and State laws including County liquor laws and County zoning laws. Specifically, Plaintiffs' parcel was zoned in the I-3 general industrial district under the Cook County zoning ordinance and qualified as an "adult entertainment cabaret" and therefore was an "adult regulated use" under sections 14.21 and 13.16-1, of that ordinance.

11. All Stars' business premises consists of 21,058 sq. feet of building area with 14,158 sq. feet of bar, restaurant and performance areas and is located on a parcel of realty of 211,855 sq. feet which has a large unimproved area of approximately 2 and ½ acres and "All Stars" has had plans to expand its use onto the unimproved portions of the property, but has been unable to do so for reasons set forth herein.

12. All Stars disseminates to its adult patrons expressive or erotic, non-obscene, partially nude dances by female performers who perform dances which convey artistic themes of sensuality, sexuality and emotion. All Star dancers wear colored round, latex covering over the areola of their breasts and two thongs covering their genitalia, but expose their buttocks. The dancer-performers are individuals who rent the stages and facilities by the day.

13. The employee bartenders and managers of All Stars have all been trained by the local police department to recognize when a customer should be served no more alcohol. All customers of All Stars must display a driver's license or other appropriate similar identification, disclosing their age, as a precondition of entry onto the premises. "All Stars" has an admittance policy that is uniformly applied to exclude undesirable patrons and to prevent any illegal conduct.

3

14.     All Stars has been re-zoned into the City of Northlake in the most restrictive R-1 single family

residential use classification, but is surrounded on all sides by property zoned in the City of Northlake

as I-2 heavy industrial, and is virtually surrounded by industrial uses, railroad viaducts, railroad tracks

and automobile tollways.

15.     On information and belief, in or about 1998, while "All Stars" was legally operating in unincorporated

Cook County, the City of Northlake, through its Mayor acting in his administrative capacity and

individually, and through other elected officials, developed a scheme to forcibly annex "All Stars" into

its municipal boundaries in a scheme to force it out of business.

16.     The factual basis upon which this allegation of a premeditated scheme is founded upon and evidenced

by a publication by the City of Northlake, authored by its Mayor, Defendant Jeffrey Sherwin,

declaring the City's intention and plans to proceed against "All Stars", and from the acts hereinafter

set forth. A copy of that publication is attached as Exhibit "1".

17.     In furtherance of their scheme, the City officers and elected officials, including the Mayor, took the

following actions:

        A.     On February 9, 1998, the City enacted successive ordinances to preclude any adule uses in

               the City of Northlake:

               1)     The first ordinance defined and created a new I-3, Special Industrial District for

                      placement of adult uses (Ordinance No. 0-99-98), Exhibit "2";

               2)     The second ordinance converted a portion of a large pre-existing I-2 General

                      Industrial District, to the new I-3 designation (Ordinance No. 0-10-98), Exhibit "3"

                      although the land which the City zoned I-3 is totally unavailable for adult uses for the

                      following reasons:

                      a)     Adult entertainment uses are specifically prohibited by state statute. 65

                      ILCS 5/11-5-1.5 (2000), states as follows:

4

"It is prohibited within a municipality to locate an adult
entertainment facility within 1000 feet of the property
boundaries of any school, day care center, cemetery, .
public park, forest preserve, public housing, and place
of religious worship."

Within 1000 feet of each and every parcel in the newly created I-3 industrial district

to which adult uses are restricted, there is a multi-story nursing home which provides

public housing for elderly individuals and which contains a place of religious

worship.  Furthermore, substantial portions of that I-3 district are within 1000 feet

of public parks and cemeteries.

b)      The land which the City zoned I-3 has, for a long period prior to February

1998, consisted of fully developed, heavy industrial land which exclusively serves

railroad, industrial and freight transportation uses.  The district is the western end of

the Proviso Freight Yard which provides switching and storage of rail freight cars and

which stretches for nearly two miles to the east.  Aside from those yards, there are

only four full zoning lots remaining in the I-3 zone, all of which are developed and

used to support intermodal freight, recycling or other heavy industrial uses relating

directly to the adjacent working rail freight yard.  The I-3 area is accessible only by

a single private road which is blocked 24 hours a day with semi-tractor rigs coming

in and out to load and unload.  This road is not maintained by the City or any other

governmental agency.

By reason of the demographics set forth above, the City could not have

chosen a  more inappropriate area in which to locate adult uses.  There is no access,

there is no available land and there exists a multi-story nursing home directly

contiguous to the district.  In designating this land as the only property available for

adult uses, the City has fulfilled its scheme to guarantee the non-existence of any such

5

uses within the Northlake boundaries.

3)   The third ordinance defined "adult uses", including "adult entertainment cabarets",

for the first time and provided for their location only in the new I-3 zoning district,

and further required that such uses were subject to special separation requirements

(Ordinance. No. 0-11-98), Exhibit "4";

This Ordinance restricted all new adult uses, including adult entertainment

cabarets, to the I-3 zoning district.  This Ordinance is facially defective and invalid

in the following ways:

a)   It is a ban on adult uses rather than a valid time, place and manner

restriction.  Proof of this fact is found in the language contained in the Pre-

amble to the Ordinance which states:

"The City of Northlake is only about three square miles in size and
there are many locations available for adult uses in the larger,
immediately surrounding communities, such as the City of Chicago,
unincorporated Cook County and in other municipalities".

This language expresses the intent of the legislature, (i.e., the City Council),

to ban lawful adult entertainment uses from all portions of the municipality.

Further evidence of this intent to ban adult uses is found in the Definition

section of the Adult Use Ordinance, paragraph 2C, which defines "Adult

Entertainment Cabaret" as a venue which:

"Features entertainers who by reason of their appearance or conduct
perform in a manner which is designed primarily to appeal to the
purient interest of the patron ***".

Purient interest is defined by the U.S. Supreme Court as a "shameful or

morbid interest in nudity, sex or excretion", which is an element of obscenity

and which would point to illegality of the expression.  Accordingly, the adult

6

use ordinance of Northlake has prejudged and predetermined that all adult cabaret uses are by their very definition obscene. In so doing, the ordinance has placed such uses outside of the protection of the Constitution of the United States.

b)      The Ordinance is ambiguous and fatally vague in that the use of terms such as "topless dancers", "fondling", "erotic touching", "completely and opaquely covered", "not infrequently features entertainers . . .", "explicit simulation of specified sexual activities", "discernibly turgid state" which fail to sufficiently identify prohibited conduct so as to inform a reasonable person of notice of that which is prohibited.

B.      On January 3, 2000, the Mayor and City Council, in order to fulfill its scheme to force annex All Stars into the City, took the following steps to attempt to gain contiguity with All Stars:

1)      Adopted Ordinance No. 0-02-2000, (Exhibit "4A"), which purports to authorize the Mayor and City Clerk to execute a certain annexation agreement between Northlake and Norkol, Inc., providing for the annexation of property owned by Norkol, Inc. into Northlake, which agreement provided that Northlake would rebate to Norkol all real estate taxes, utility taxes, sales and any other tax assessment or similar charge imposed or received by or payable to Northlake, relating to the ownership, use, sales or operation of the Norkol property for a period of 25 years. On information and belief, the Mayor, acting as Chief Administrative head of the City, took an active part in planning, negotiating, organizing, implementing and otherwise fulfilling the illegal scheme to force annex All Stars into Northlake and then regulate them out of business.

2)      Force annexed Inland Paperboard and Packaging, Inc., an adjacent property to All

Stars, which annexation was also necessary to gain contiguity with All Stars. Inland resisted the involuntary annexation, and, in order to settle that dispute, Northlake also provided Inland with a tax incentive package similar to that of Norkol. The tax incentive package was never offered to All Stars nor was All Stars ever offered the opportunity to participate in the annexation process, in fact, All Stars never received any notice whatsoever that the annexation process was taking place. This entire annexation procedure constituted a violation of the constitutional requirement of the equality of taxation and placed an unfair burden of taxation on All Stars as opposed to that placed upon similarly situated properties, and therefore is a violation of the Equal Protection and Due Process clauses of the Constitution of the United States.

Furthermore, the governmental misconduct and discrimination set forth above rendered the annexation of the All Stars property ultra vires, unconstitutional, discriminatory and void as a legal nullity. Additionally, the annexation was wholly improper and jurisdictionally defective for the following reasons:

a)     Public notice of the annexation proceeding was invalid;

b)     The property was not annexed while contiguous;

c)     The property was annexed pursuant to a discriminatory and unlawful legislative scheme to eliminate a lawful and constitutionally protected use.

18.     The purpose and effect of the aforementioned illegal and improper annexation of All Stars into the City of Northlake was to eliminate Cook County's jurisdiction over its operation as to all matters of local governmental regulation including business licensing, liquor licensing and zoning regulation, and to subject All Stars to the non-conforming provisions of the Northlake zoning ordinance as an R-1 Single Family Use, the most restrictive zoning classification in the City, and a zoning classification completely inappropriate given the current uses in the area.

8

19.    Under Article 6 of the City's zoning ordinance, All Stars is prohibited from altering, maintaining, or

repairing the premises in such a way as to extend or intensify the performance dancing presented

therein, it is they are also prevented from structurally altering the All Stars premises. In addition, All

Stars cannot continue to present such dancing if the All Stars premises were damaged to an extent

equal or greater than one half of the premises' replacement value or if any circumstance required the

discontinuance of such dancing for 90 consecutive days or more.

20.    Accordingly, under the current zoning, All Stars is unable to complete its building and remodeling

plans and is further unable to utilize the undeveloped two and one half acres of property which it leases

and which it has plans to expand upon.

21.    Furthermore, by reason of the wrongful annexation as set forth above, All Stars is subject to the liquor

licensing ordinance of Northlake which has had the effect of severely reducing the constitutionally

protected entertainment which it provides as well as revenues derived from such protected conduct,

by limiting its hours of operation as a liquor establishment from those hours that were previously

permitted in Cook County.

22.    In a final attempt to eliminate the All Stars' use, the elected officials of the City of Northlake have

recently recommended for adoption an ordinance that would render All Stars subject to an amortization

deadline requiring that All Stars terminate business at its current location and which leaves as the only

possible location for All Stars to relocate, the totally illegal, inappropriate and grossly unacceptable

I-3 zoning district identified above.  The proposed amortized zoning ordinance bears no rational

relationship  to the value derived by All Stars for the use of the land upon which it's located and

provides no public benefit whatsoever as the only remaining area in the Village for such uses, i.e., the

I-3 district, is totally inappropriate and legally unavailable.

23.    This proposed ordinance is, for reasons above, constitutionally infirm and otherwise illegal.

9

## COUNT I

## SUBSTANTIVE VIOLATION OF CONSTITUTIONAL FREEDOM OF SPEECH AND EXPRESSION, BASED UPON THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, 42 U.S.C., SECS. 1983, 1988, AND THE FOURTEENTH AMENDMENT

### Declaratory Relief

1-23.    Plaintiffs adopt and incorporate paragraphs 1 through 23, hereinabove, as paragraphs 1 through 23, of this Count I.

24.    The Defendant City is a person for the purposes of 42 U.S.C., Sec. 1983.

25.    The actions complained of herein and specifically those actions set forth in paragraphs 15, 16, 17, 18, 19, 21 and 22, were done as a custom, usage or policy of the City's official policy makers, including its Mayor, and City Council, as well as by the Defendant Mayor, administratively and individually.

26.    The aforementioned actions, omissions or threatened actions, of the Defendants were made pursuant to color of Illinois State law, as well as municipal ordinance and code.

27.    Plaintiffs are subject to the real and imminent threat of adverse enforcement of municipal ordinances, codes and policy which threaten them with irreparable injury to their constitutional rights, income and multi-million dollar lawful use by suppression of their business which is engaged in constitutionally protected speech and expression.

28.    The actions complained herein are discriminatory, arbitrary, capricious, unconstitutional and have no valid, substantive or sustainable basis, premised upon the public heath, welfare or safety.

29.    The Plaintiffs have a property interest in their corporation, their night club and a liberty interest in their continued, lawful and unfettered operation and use thereof.

30.    The government has no power to restrict lawful expression because of its message, subject or content, which are to be free from government censorship.

10

31.   The actions of the Defendants, as alleged herein, go well beyond an incidental restriction on freedom of expression and constitute suppression of constitutionally protected activity and expression and unconstitutional censorship.

32.   The ordinances, codes, actions and threatened actions of the Defendants constitute a direct impact on free speech, communication, artistic and sexual expression and are content based without any supportable compelling state interest.

33.   Content based restrictions on expression turn on merely alleged, unproven, speculative or inapplicable secondary effects.

34.   The City's alleged secondary effects rationale to support its censorship is speculative, unproven, conclusionary and based upon areas of other municipalities wholly divergent in zoning, use, population, layout and access and are in no way determinative of any real or actual effect related to the use of the Plaintiffs.

35.   The Defendants' ordinances, codes, actions and threatened actions do not constitute neutral time, place or manner restrictions and go well beyond incidental regulation to restrain protected speech and expression.

36.   The primary motivating factor in the City's regulation, zoning and threatened regulation of the Plaintiffs' use was, and is, to restrict Plaintiffs exercise of their free speech and expression and to terminate said use, entirely because of dislike of the Plaintiffs' use by the City of Northlake's policy makers and its Mayor, in his adminsitrative and personal capacities.

37.   The restrictions and threatened restrictions of Northlake are greater than is essential to further any legitimate governmental interest and do not withstand careful or applicable scrutiny.

38.   Partially nude dancing is constitutionally protected expressive conduct.

39.   The City's ordinances, codes, customs and policies, as implemented and threatened against the Plaintiffs and their use have been promulgated to limit exposure of the public to Plaintiff's use and,

11

thus, violate both 42 U.S.C., Sec. 1983, the First and Fourteenth Amendments to the U.S. Constitution and the Illinois Constitution, Sec. 4, Art. I.

40.   A concrete dispute has arisen between the parties, capable of resolution by declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, that each and every one of the legislative acts of the City of Northlake, as set forth in paragraphs 15 through 22 are illegal, void and of no force and effect as they violate the constitutional provisions as set for in this Count.

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.   That punitive damages be awarded, individually, against the Defendant, Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

## COUNT II

### SUBSTANTIVE VIOLATION OF CONSTITUTIONAL FREEDOM OF SPEECH AND EXPRESSION, BASED UPON THE FIRST AMENDMENT TO THE U.S. CONSTITUTION, 42 U.S.C., SEC. 1983 AND THE FOURTEENTH AMENDMENT

#### Injunctive Relief

1-39.   Plaintiffs restate and reallege paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count II.

40.   The Plaintiffs will suffer imminent, irreparable injury absent relief from this Court as they will be deprived of the liberty to operate an establishment wherein protected First Amendment artistic expression is exercised and they will be deprived in their property and, or liberty interests in the use, development and expansion of a one-of-a-kind, unique parcel of property from which they derive their

livelihood.

41.     Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.     Judgment in favor of Plaintiffs and against the Defendants;

B.     A permanent injunction preventing interference or restriction of Plaintiffs' constitutional rights of free speech and expression by means of the Defendants' illegal and unconstitutional ordinances, codes, policies, actions or threatened actions represented herein;

C.     Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs;

D.     Such other and further relief in the premises as is just and proper.

## COUNT III

### VIOLATION OF CONSTITUTIONAL EQUAL PROTECTION OF THE LAWS, BASED UPON 42 U.S.C., SEC. 1983 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

#### Declaratory Relief

1-39.   Plaintiffs adopt and reallege by incorporation by reference paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count III.

40.     For the reasons specifically set forth in paragraphs 15 through 23, of this Complaint, the Plaintiffs have been and are being treated differently and unequally as a use or business than other businesses in the City of Northlake, based upon discriminatory, irrational, arbitrary and capricious municipal actions and Plaintiffs, thus, constitute a class or a class of one which is being discriminated against.

41.     The Defendants specified actions, conduct and threats constitute a violation of the Equal Protection Clause of the U.S. Constitution, based upon the Fifth and Fourteenth Amendments, as well as 42 U.S.C., Sec. 1983.

42.   No compelling, sustainable government interest is advanced by the differential treatment alleged.

43.   Courts will look to the statement of public officials, i.e., the Mayor, as to the actual purpose of legislation.

44.   That a concrete dispute has arisen between the parties, capable of resolution by declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants; that each and every one of the legislative acts of the City of Northlake as set forth in paragraphs 15 through 22 are illegal, void and of no force and effect as they violate the constitutional provisions as set for in this Count.

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.   That punitive damages be awarded against Defendant, Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

## COUNT IV

### VIOLATION OF CONSTITUTIONAL EQUAL PROTECTION OF THE LAWS, BASED UPON 42 U.S.C., SEC. 1983 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION

### Injunctive Relief

1-43.   Plaintiffs reassert and reallege paragraphs 1 through 43, of Count III, hereinabove, as paragraphs 1 through 43, of this Count IV.

44.   Plaintiffs are in immediate danger of suffering irreparable harm due to the actions and threatened actions of the Defendants, including the City of Northlake,

14

45.     Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

      A.     Judgment in favor of Plaintiffs and against the Defendant;

      B.     A permanent injunction preventing interference or restriction of Plaintiff's constitutional rights

of free speech and expression by means of the Defendants' ordinances, codes, policies, actions

or threatened actions;

      C.     Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs;

      D.     Such other and further relief in the premises as is just and proper.

## COUNT V

### VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS, BASED UPON THE FIFTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AS WELL AS 42 U.S.C., SEC. 1983

#### Declaratory Relief

1-39.   Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1

through 39, of this Count V.

40.     The above-alleged facts constitute constitutional violations and deprivations of the Plaintiffs' rights

in that the Defendants' actions and conduct are gravely unfair, inherently impermissible and create a

substantive due process violation, pursuant to the Due Process Clause, as per the Fifth and Fourteenth

Amendments to the U.S. Constitution and 42 U.S.C. Sec. 1983.

41.     A concrete dispute has arisen between the parties, susceptible of resolution by declaration of this

Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

      A.     That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants,

that each and every one of the legislative acts of the City of Northlake as set forth in

paragraphs 15 through 22 are illegal, void and of no force and effect as they violate the

constitutional provisions as set for in this Count.

B.    That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42

U.S.C., Sec. 1988, as well as costs of their action;

C.    Enter an award of punitive damages against Defendant, Jeffrey Sherwin;

D.    Such other and further relief in the premises as is just and proper.

## COUNT VI

### VIOLATION OF CONSTITUTIONAL SUBSTANTIVE DUE PROCESS, BASED UPON THE FIFTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AS WELL AS 42 U.S.C., SEC. 1983

#### Injunctive Relief

1-40.   Plaintiffs reallege and reassert paragraphs 1 though 40, of Count V, hereinabove, as paragraphs 1

through 40, of this Count VI.

41.    The Plaintiffs are in imminent danger of irreparable harm due to the actions and conduct of the

Defendant.

42.    The Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

A.    Judgment in favor of Plaintiffs and against the Defendants;

B.    A permanent injunction preventing interference or restriction of Plaintiff's Constitutional

rights of free speech and expression by means of the Defendant City's ordinances, codes,

policies, actions or threatened actions of any Defendant;

C.    Attorneys fees, pursuant to 42 U.S.C., Sec. 1988, as well as costs;

D.    Such other and further relief in the premises as is just and proper;

## COUNT VII

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS, BASED UPON THE DUE PROCESS CLAUSE, PREMISED UPON THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C., SEC. 1983

#### Declaratory Relief

1-39.    Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count VII.

40.    The Plaintiffs aforementioned liberty and property interests are being deprived by governmental actions and conduct under the color of state law.

41.    Plaintiffs have been and are being denied procedural due process in, but not limited to:

a.    Plaintiffs' realty was force annexed into the City of Northlake in or about August, 2000, although Plaintiffs, being previously located in unincorporated Cook County received no notice as objectors or potential objectors until receipt of a letter of welcome (Exhibit "5"), and had no knowledge of the forced annexation until that date and requisite public notice as to the forced annexation was deficient, rendering the forced annexation void;

b.    Plaintiffs have been targeted for discriminatory re-zoning, restriction of their use and its removal, without any public hearing, chance to object or any other governmental due process being accorded.

c.    Other annexed parcels, annexed at the same time or immediately preceding were given tax relief although no such offer or opportunity to request such tax relief was given or offered to Plaintiffs.

d.    Plaintiffs business hours were limited upon incorporation into the Village from 4:00 am to 2:00 am, upon all days but Friday and Saturday, and then to 3:00 am, costing Plaintiffs nearly 1 million dollars of income and revenue per year derived from first amendment protected

17

expression, with no due process hearing, substantive evidence promulgated by the government

in support of such limitations or otherwise.

42. That a concrete dispute has arisen between the parties capable of resolution by declaration of this

Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

    A.    That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants,

        that each and every one of the legislative acts of the City of Northlake, as set forth in

        paragraphs 15 through 22 are illegal, void and of no force and effect as they violate the

        constitutional provisions as set for in this Count.

    B.    That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42

        U.S.C., Secs. 1983 and 1988, as well as costs of their action;

    C.    That punitive damages be awarded against Defendant, Jeffrey Sherwin;

    D.    Such other and further relief in the premises as is just and proper.

## COUNT VIII

### VIOLATION OF CONSTITUTIONAL PROCEDURAL DUE PROCESS, BASED UPON THE DUE PROCESS CLAUSE, PREMISED UPON THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C., SEC. 1983

#### Injunctive Relief

1-41. Plaintiffs reallege and reassert paragraphs 1 through 41 of Count VII, hereinabove, as paragraphs 1

through 41, of this Count VIII.

42. The Plaintiffs are in imminent danger of irreparable harm due to the actions and conduct of the

Defendants.

43. The Plaintiffs have no adequate remedy at law.

18

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.      Judgment in favor of Plaintiffs and against the Defendants;

B.      A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional rights of free speech and expression by means of the Defendant City's ordinances, codes, policies, actions or threatened actions of the Defendants;

C.      Attorneys fees, pursuant to 42 U.S.C., Sec. 1988, as well as costs.

## COUNT IX

### VIOLATION OF 42 U.S.C., SEC. 1983 BASED UPON UNCONSTITUTIONAL PRIOR RESTRAINT

#### Declaratory Relief

1-39.   Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count IX.

40.     The ordinances, codes and adult use licensing scheme of Northlake, as existing but not applied and with no license or procedural safeguards available, place unbridled discretion in the hands of Northlake officials as to regulation or Plaintiffs' business and use.

41.     That the conduct, actions, threatened actions, ordinances and codes of the Defendants, including the City of Northlake constitute an indefinite and arbitrary restraint on Plaintiffs' constitutional rights of free speech and expression and compel silence by the suppression of constitutionally protected speech and conduct.

42.     Plaintiffs' aforestated property and liberty interests, as well as their constitutional rights, are and have been denied and are unprotected by procedural safeguards such as the burden of the censor to go forward to obtain expeditious judicial review and the shouldering by the City of the burden of proof.

43.     Accordingly, the actions, threatened actions, conduct, policies, ordinances and codes of the Defendants

19

and of the City, as applied to the Plaintiffs, work an unconstitutional prior restraint on Plaintiffs' rights of free speech and expression.

44.   That a concrete dispute has arisen between the parties, susceptible of resolution by a declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, that each and every one of the legislative acts of the City of Northlake as set forth in paragraphs 15 through 22 are illegal, void and of no force or effect as they violate the constitutional provisions as set for in this Count.

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1988, as well as costs of their action;

C.   That punitive damages be awarded against Defendant, Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

## COUNT X

### VIOLATION OF 42 U.S.C., SEC. 1983 BASED UPON UNCONSTITUTIONAL PRIOR RESTRAINT

#### Injunctive Relief

1-43.   Plaintiffs reallege and restate paragraphs 1 through 43, of Count IX, hereinabove, as paragraphs 1 through 43, of this Count X.

44.   The Plaintiffs are in imminent danger of suffering irreparable harm by the actions, threatened actions, conduct, ordinances and codes of the Defendants, including the City of Northlake.

45.   The Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

A.      Judgment in favor of Plaintiffs and against the Defendants;

B.      A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional

rights of free speech and expression by means of the Defendant City's ordinances, codes,

policies, actions or threatened actions;

C.      Attorneys fees, pursuant to 42 U.S.C., Sec. 1988, as well as costs.

## COUNT XI

### VIOLATION OF 42 U.S.C., SEC. 1983, PREMISED UPON
### UNEQUAL TAXATION AND THE FIFTH AND FOURTEENTH
### AMENDMENTS TO THE U.S. CONSTITUTION

### Declaratory Relief

1-39.   Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1

through 39, of this Count XI.

40.     At the same or proximate time that Plaintiffs' realty was force annexed into the City of Northlake,

Inland Paperboard and Packaging, Inc., a Delaware Corp., (Inland), was also force annexed into the

City.

41.     In or about January, 2000, shortly prior to the noted forced annexation of All Stars, Norkol, Inc.,

which is directly across Grand Ave. from All Stars, was annexed into Northlake by agreement.

42.     Norkol, Inc. was given twenty-five (25) years of all taxes to be rebated to it for annexation.

43.     Inland, across Grand Avenue from All Stars, sued the City of Northlake in or about early, 2001 for

inequality of taxation and *quo warranto,* which on information and belief were settled by rebate of

Inland's taxes for seventeen (17) years.

44.     Although Plaintiffs are and were in the same status and class as the other business property owner-

taxpayers who were annexed and force annexed into Northlake, the City has treated the other two (2)

taxpayers in a more favorable and wholly differing manner as to taxation.

21

45.     The taxation of the Plaintiff corporation by the City of Northlake is discriminatory, unconstitutional, illegal and in violation of the constitutional requirement of equality of taxation.

46.     Accordingly, the alleged conduct of the City of Northlake, which establishes an unfair burden of taxation between similarly situated properties, is in violation of the Equal Protection and Due Process Clauses of the U.S. Constitution as well as 43 U.S.C., Sec. 1983, as well as Illinois State law.

47.     That a concrete dispute has arisen between the parties, susceptible to resolution by declaration of this Court.

        WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

        A.      That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, that each and every one of the legislative acts of the City of Northlake as set forth in paragraphs 15 through 22 are illegal, void and of no force and effect as they violate the constitutional provisions as set for in this Count.

        B.      That the Court award attorney's fees to Plaintiffs, based upon 42 U.S.C., Sec. 1988, as well as costs of their action;

        C.      That punitive damages be awarded against Jeffrey Sherwin;

        D.      Such other and further relief in the premises as is just and proper.

### COUNT XII

### THE ADULT USE ORDINANCE OF THE
### CITY OF NORTHLAKE IS UNCONSTITUTIONAL ON IT FACE

#### Declaratory Relief

1-39.   Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count XII.

40.     In adopting its Adult Use Ordinance No. 0-11-98, as Codified in the City Code, in February 1998, the

22

City of Northlake acted in an arbitrary, capricious and unreasonable fashion as more specifically set forth in paragraph 17, and its subsections.

41.   For reasons set forth above, the Adult Use Ordinance of the City of Northlake is unconstitutional upon its face.

42.   A concrete dispute has arisen between the parties susceptible of resolution by a declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   Judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, declaring Northlake's Adult Use Ordinance unconstitutional and void and of no force and effect;

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.   That punitive damages be awarded against Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

## COUNT XIII

### THE ADULT USE ORDINANCE OF THE CITY OF NORTHLAKE IS UNCONSTITUTIONAL, ON IT FACE

#### Injunctive Relief

1-41.   The Plaintiffs reassert and reallege paragraphs 1 through 41, of Count XII, hereinabove, as paragraphs 1 through 41, of this Count XIII.

42.   That the Plaintiffs are in immediate danger of suffering irreparable harm due to the actions, threatened actions, ordinances, codes and policies of the Defendants and the City of Northlake.

43.   The Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.     A judgment in favor of Plaintiffs and against the Defendants;

B.     A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional rights of free speech and expression by means of the Defendant City's ordinances, codes, policies, actions or threatened actions;

C.     Attorneys fees, pursuant to 42 U.S.C., Sec. 1988, as well as costs.

## COUNT XIV

### THE ADULT USE ORDINANCE OF THE CITY OF NORTHLAKE IS UNCONSTITUTIONAL, AS APPLIED

#### Declaratory Relief

1-39.   The Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39 of this Count XIV.

40.     The Adult Use Ordinance of Northlake contains a licensing scheme which is not followed by the municipality, has, accordingly, no applicable procedural safeguards as the requirement of prompt judicial review prior to any restraint of expression or the burden of going to court placed upon the censor or the burden of proof being upon the censor or any applicable time limits for those safeguards to be implemented.

41.     In light of the unlawful and unconstitutional scheme of the municipality to surround, force annex and eliminate Plaintiff's lawful use, the City has vested itself with unlimited discretion as to how it deems to allegedly regulate Plaintiffs' business activities and use.

42.     The ultra vires scheme and actions of the municipality have diminished Plaintiffs' property values, preclude lawfully protected free expression by the use, and the challenged ordinance denies procedural and substantive due process rights of Plaintiffs.

24

43.   A municipal licensing scheme is constitutionally offensive where it is not followed by the City.

44.   There are no procedural protections applied to the Adult Use Ordinance by Northlake.

45.   Accordingly, the Adult Use Ordinance of Northlake is unconstitutional as applied and void.

46.   That a concrete dispute has arisen between the parties susceptible of resolution by declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, declaring Northlake's Adult Use Ordinance unconstitutional and void and of no force and effect;

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.   That punitive damages be awarded against Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

## COUNT XV

### THE ADULT USE ORDINANCE OF THE CITY OF NORTHLAKE
### IS UNCONSTITUTIONAL, AS APPLIED

#### Injunctive Relief

1-45.   The Plaintiffs reallege and reassert paragraphs 1 through 45, of Count XIV, hereinabove, as paragraphs 1 through 45 of this Count XV.

46.   The Plaintiffs are in immediate danger of irreparable harm due to the challenged ordinances, custom, policies and codes of the City.

47.   Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

25

respectfully request:

A.    A judgment in favor of Plaintiffs and against the Defendants;

B.    A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional rights of free speech and expression by means of the Defendant City's ordinances, codes, policies, actions or threatened actions;

C.    Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs.

## COUNT XVI

### THE FORCED ANNEXATION OF PLAINTIFFS' PROPERTY WAS UNCONSTITUTIONAL AND ULTRA VIRES AS THE PRODUCT OF GOVERNMENTAL MISCONDUCT AND DISCRIMINATION

#### Declaratory Relief

1-39.   Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count XVI.

40.   The fact that the municipal policy makers and legislators, or some portion of the public, may be offended by the content of the subject matter of expression is not a valid basis for its regulation or suppression. The intent of the City of Northlake to preclude adult businesses in general, and All Stars in particular, from operating within the municipal boundaries is impermissible governmental conduct making the City's actions and ordinances illegal, unconstitutional and void.

41.   Abuse of governmental power to annex by an unlawful scheme constitutes a due process violation in deprivation of Plaintiffs' protected rights and interests as well as a violation of Constitutional Equal Protection, the Fourteenth Amendment and 42 U.S.C., Sec. 1983.

42.   That the discriminatory, ultra vires forced annexation of Northlake of the Plaintiffs' realty should be declared void as a legal nullity, as set forth in paragraphs 15 through 22.

43.   That a concrete dispute has arisen between the parties susceptible of resolution by declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.      That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, that the forced annexation of All Stars property was illegal, void and of no force and effect and that the property should be immediately disconnected from the City limits of Northlake.

B.      That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.      That punitive damages be awarded against Jeffrey Sherwin;

D.      Such other and further relief in the premises as is just and proper.

### COUNT XVII

### THE FORCED ANNEXATION OF PLAINTIFFS' PROPERTY WAS UNCONSTITUTIONAL AND ULTRA VIRES AS THE PRODUCT OF GOVERNMENTAL MISCONDUCT AND DISCRIMINATION

#### Injunctive Relief

1-42.   Plaintiffs reallege and reassert paragraphs 1 through 42, of Count XVI, hereinabove, as paragraphs 1 through 42, of this Count XVII.

43.     Plaintiffs have suffered and are in imminent danger of suffering irreparable harm due to an unlawful annexation.

44.     Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.      Enter judgment in favor of Plaintiffs and against the Defendants;

B.      Plaintiffs request a mandatory injunction requiring disconnection of their realty from Northlake;

C.      Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs.

27

## COUNT XVIII

### THE I-3 ADULT USE ZONING OF THE CITY OF NORTHLAKE IS UNCONSTITUTIONAL, <u>ULTRA VIRES</u>, ARBITRARY AND IN VIOLATION OF EQUAL PROTECTION, DUE PROCESS, THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C., SEC. 1983

#### <u>Declaratory Relief</u>

1-39.    Plaintiffs reallege and reassert paragraphs 1 through 39, of Count I, hereinabove, as paragraphs 1 through 39, of this Count XVIII.

40.    The I-3 zone is wholly unusable, unavailable and unreasonable for Plaintiffs' use or any adult use.

41.    Location of adult entertainment sites to the most unattractive, inaccessible and inconvenient location of a city is no proper location at all, being legally unavailable and unuseable.

42.    Overly severe location restrictions on adult uses deprive such businesses of being upon an equal footing with other types of businesses.

43.    Accordingly, the I-3 zoning for adult uses of Northlake is illegal, unconstitutional and in violation of 42 U.S.C., Sec. 1983.

44.    That a concrete dispute has arisen between the parties susceptible of resolution by a declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.    That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, declaring that the I-3 Adult Use zoning of the City of Northlake is unconstitutional and unenforceable.

B.    That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Secs. 1983 and 1988, as well as costs of their action;

C.    That punitive damages be awarded against Jeffrey Sherwin;

D.      Such other and further relief in the premises as is just and proper.

## COUNT XIX

### THE I-3 ADULT USE ZONING OF THE CITY OF NORTHLAKE IS UNCONSTITUTIONAL, ULTRA VIRES, ARBITRARY AND IN VIOLATION OF EQUAL PROTECTION, DUE PROCESS, THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND 42 U.S.C., SEC. 1983

#### Injunctive Relief

1-43.   Plaintiffs reallege and reassert paragraphs 1 through 43, of Count XVIII, hereinabove, as paragraphs

1 through 43, of this Count XIX.

44.     Plaintiffs are in immediate danger of suffering irreparable harm due to the I-3 zoning of Northlake.

45.     Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

A.      Enter judgment in favor of Plaintiffs and against the Defendants;

B.      Enter a permanent injunction preventing interference or restriction of Plaintiffs' Constitutional

rights of free speech and expression by means of the Defendant City's ordinances, codes,

policies, actions or threatened actions;

C.      Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs.

## COUNT XX

### THE CITY OF NORTHLAKE'S I-3 ZONING CONSTITUTES CONSTITUTIONALLY INFIRM SPECIAL LEGISLATION, IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C., SEC. 1983

#### Declaratory Relief

1-42.   Plaintiffs reallege and reassert paragraphs 1 through 42, of Count XVIII, hereinabove, as paragraphs

1 through 42, of this Count XX.

43.   The facts alleged indicate the establishment of the I-3 Industrial District in the City of Northlake for location of all adult uses as the product of an illegal government scheme to target, surround, annex, regulate and eliminate Plaintiffs' lawful use.

44.   Plaintiffs' I-3 adult use zoning, thus, was solely directed at the Plaintiffs' use and its elimination and constitutes constitutionally prohibited special legislation, violating the Fourteenth Amendment as well as constitutional due process and equal protection guarantees of the U.S. Constitution and 42 U.S.C., Sec. 1983.

45.   That a concrete dispute has arisen between the parties susceptible of resolution by declaration of this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals, respectfully request:

A.   That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants, declaring the establishment of the I-3 industrial district zoning classification void and of no force and effect.

B.   That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42 U.S.C., Sec. 1988, as well as costs of their action;

C.   That punitive damages be awarded against Jeffrey Sherwin;

D.   Such other and further relief in the premises as is just and proper.

**COUNT XXI**

**THE CITY OF NORTHLAKE'S I-3 ZONING
CONSTITUTES CONSTITUTIONALLY INFIRM SPECIAL
LEGISLATION, IN VIOLATION OF THE FOURTEENTH AMENDMENT
AND 42 U.S.C., SEC. 1983**

**Injunctive Relief**

1-44.   Plaintiffs reallege and reassert paragraphs 1 through 44, of Count XX, hereinabove, as paragraphs 1

30

through 44, of this Count XXI.

45.     The Plaintiffs are in immediate danger of suffering irreparable harm due to the I-3 adult use zoning

and codes of the City of Northlake.

46.     Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

respectfully request:

A.      A judgment in favor of Plaintiffs and against the Defendants;

B.      A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional

rights of free speech and expression by means of the Defendant City's ordinances, codes,

policies, actions or threatened actions;

C.      Attorneys fees, pursuant to 42 U.S.C., Secs. 1983 and 1988, as well as costs.

## COUNT XXII

## THE ADULT USE ORDINANCE OF THE CITY OF NORTHLAKE
## IS VOID FOR VAGUENESS

### Declaratory Relief

1-44.   Plaintiffs reallage and reassert paragraphs 1 through 44 of Count XIV, hereinabove, as paragraphs

1 through 44, of this Count XXII.

45.     As the licensing scheme of the adult use ordinance is not enforceable, adult uses are regulated without

procedural safeguards, which enforcement is, accordingly, left to the unguided interpretation and

unlimited discretion and application of Northlake officials and law enforcement authorities.

46.     This creates vagueness for constitutional purposes as to the adult use ordinance and related

codifications of Northlake and violates the Fourteenth Amendment as well as 42 U.S.C., Sec. 1983.

47.     There exists a concrete dispute between the Parties susceptible of resolution by this Court.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,

31

respectfully request:

A.    That judgment be entered by declaration in favor of the Plaintiffs and against the Defendants,
declaring Northlake's Adult Use Ordinance unconstitutional and void and of no force or
effect;

B.    That the Court award incidental damages and attorney's fees to Plaintiffs, based upon 42
U.S.C., Sec. 1988, as well as costs of their action;

C.    That punitive damages be awarded against Jeffrey Sherwin;

D.    Such other and further relief in the premises as is just and proper.

### COUNT XXIII

### THE ADULT USE ORDINANCE OF THE CITY OF NORTHLAKE
### IS VOID FOR VAGUENESS

#### Injunctive Relief

1 - 46.   Plaintiffs reallege and reassert paragraphs 1 through 46, of Count XXII, hereinabove, as paragraphs
1 through 46, of this Count XXIII.

47.   That the Plaintiffs are in imminent danger of irremedial harm due to the above-pled facts.

48.   The Plaintiffs have no adequate remedy at law.

WHEREFORE, the Plaintiffs, ENTERTAINMENT INC., d/b/a All Stars, and Michael Michals,
respectfully request:

A.    A judgment in favor of Plaintiffs and against the Defendants;

B.    A permanent injunction preventing interference or restriction of Plaintiffs' Constitutional
rights of free speech and expression by means of the Defendant's ordinances, codes, policies,
actions or threatened actions;

C.    Attorneys fees, pursuant to 42 U.S.C., Sec. 1988, as well as costs.

32

Respectfully submitted,

_____
Robert V. Gildo

_____
Joseph M. Williams


Robert V. Gildo
Attorney No. 956252
Joseph M. Williams
Attorney No. 03128789
Attorneys for Plaintiffs
209 North Hale, Suite 201
Wheaton, Illinois 60187
(630) 462-7979 / fax (630) 462-8067

33

## EXHIBIT LIST

| | | | |
|---|---|---|---|
| | 1. | Newspaper publication | City Desk by Mayor Sherwin |
| | 2. | Ordinance 0-09-98 | I-3 Special Industrial District for Adult Uses |
| | 3. | Ordinance 0-10-98 | Conversion I-2 Area to I-3 Zone |
| | 4. | Ordinance 0-11-98 | Adult Uses Ordinance |
| Group | 4A. | Ordinance 0-02-2000 | Authorization for Annexation |
| | | Ordinance 0-24-2000 | Annexation & Letter 8-25-2000 |

# CITY DESK

*by Mayor Jeffrey T. Sherwin*

# Police Department in Midst of Change

Upon taking office in 1997, one of the major priorities of the City Council and myself was the Police Department. Our goal was to improve and strengthen the department, to make it an example for other communities to follow. We knew the process would be long and difficult, requiring patience and persistence. Over the years we have remained true to the goal we set.

The police department we inherited had not received any significant investment for six years. No hiring was done for several years and the ranks were allowed to dwindle. A succession of weak police chiefs revolved through the department. One of those chiefs is still serving time in a federal prison, being on the payroll of organized crime.

Police Chief, Dennis Koletsos, was selected by the City Council and myself to head the department. Since that time, numerous improvements have been made within the department. Last month you read about the national accreditation achieved by the department. You have previously read about the new communications center, computers in the squad cars, establishment of training programs, standardization of weapons, hiring of new officers, establishment of a command staff and accountability within the department.

The vast majority of men and women serving the department are hard working, dedicated individuals. One of

*"The vast majority of men and women serving the department are hard working, dedicated individuals who are working to*

## Officer Dismissed by Police Commiss...

Patrol Officer Eric White was dismissed by the Police Commission after a full hearing on the charges placed against him by the Police Chief.

The evidence presented before the Police Commission showed that White, while off duty, was carrying an unauthorized weapon, a Glock semi-automatic hand gun. While in possession of this weapon, White consumed several beers and in his own words, a "couple of glasses" of whisky that day. White ended up in the neighborhood of 109th and State Street in Chicago. He fired his weapon. White claims to have fired

" The Northlake Police Department has no room for officers who, when drinking off duty, indiscriminately fire semi-automatic weapons, and then try to cover up the incident. "

ing his weapon and emptied it in doing so. If you buy White's story, his gun would have only had one bullet in it - who can walk with only one bullet

He led Chicago Police on a chase before his arrest. He was charged with ordinance violation which was later dropped.

What the Commission did not see in evidence was the fact that the Chicago Police Department report related to this incident cites that the CPD's drug dogs reacted positively when White's car was examined for drugs. Although the dogs reacted strongly, no drugs were found, leading to the assumption that drugs were in the car at one time.

In any event, I concur fully with the

working to improve the department and serve our residents. However, as

EXHIBIT

It's a sad state of affairs when the Mayor must advise the police union to return tainted money and that the direction does not come from the union leadership.

An apology should be made by the union to the hard working members of the Northlake Police Department who have suffered embarrassment because of the actions of a few. A written apology from the local chapter of the union to the residents of Northlake should be prepared for the next edition of the City's paper. This matter will receive full investigation and there will be full cooperation with federal authorities in this matter. This behavior is not and will never be acceptable in the Northlake Police Department.

## Gentlemen's Club

Originally, the property on which the gentlemen's club is located was in unincorporated Cook County. The County's zoning had allowed this club to flourish. Campaign donations were made to the Cook County Sheriff. City of Northlake officials had heard rumors that this club was planning to expand and that the County was going to allow this to happen.

To prevent this, we took aggressive steps to surround the club with land incorporated in the City of Northlake through annexations. If Northlake could surround the club, it could then be forcibly annexed into the City and the expansion plans would be halted as the property would be a "non-conforming" use. We were successfully in doing so, and forcibly annexed this property in 2001.

However, one of the other property owners who was annexed brought a lawsuit against the City protesting this action. This litigation was finally settled on August 23rd, 2002, allowing the City Council to take action against this club. At the August 19th City Council meeting, the City Council directed the City's attorney to draft an ordinance ending the club's non-conforming use within 12 months, which means that the club must cease operating within that time. This cancer of corruption must be cut out of our community. I fully expect the City Council to approve this action at the September meeting.

## Police Chief's Contract

Our Police Chief, Dennis Koletsos, has been diligently working to achieve improvement within the Police Department since he was hired in 1998. The Chief has not been afraid to confront the problems within the department whether it involved bringing charges against an alderman's son which led to his dismissal, or in the most recent case, bringing charges against an officer who indiscriminately fires his gun while drinking off duty. The Chief has been acting with integrity and dedication from the first day he was here. I believe that the Police Department is improving, but there is much more work to be done. We must persevere and follow the course of action set down by the City Officials in 1997, which the Chief is working to implement.

The very same police union which condones the actions of the police officers associating with organized crime has now launched a campaign to discredit the Chief. The

> *"I believe we are on the right track in the Police Department and will not be deterred in our goal of making the Northlake Police Department the best in the western suburbs. We deserve no less."*

actions of the union speak for itself. The City Council, however has not been swayed by these tactics, and in a unanimous vote of confidence on August 19th, approved a first ever employment contract for the Police Chief which will run through April 30, 2005. I believe we are on the right track in the Police Department and will not be deterred in our goal of making the Northlake Police Department the best in the western suburbs. We deserve no less.

We would like to thank the [...] a beautiful job that was perform[...] our creek located on the 300 blo[...] recently, was an eyesore and was[...]

We now have a nice area to sit[...] Several of our neighbors have exp[...] I that they also are happy to see t[...] pletely finished yet. We look forw[...] better of Northlake.

Thank you for listening and ac[...] Northlake.



[...] Assigne[...]
Tickets available at [...]
ular office hou[...]

Proof of residency re[...]
Non-residents may [...]

# THE CITY OF NORTHLAKE

### COOK COUNTY, ILLINOIS

# ORDINANCE

## NUMBER O-09-98

## AN ORDINANCE ESTABLISHING THE I-3 ZONING DISTRICT AND ESTABLISHING SPECIAL USES IN OTHER INDUSTRIAL DISTRICTS

JEFFREY T. SHERWIN, Mayor
JOANNE FLOISTAD, City Clerk
FRED J. PAUL, Treasurer

ROB DERENGOWSKI
ROGER DEXTER
BEVERLY FOSTER
JAMES LaCOGNATA
THOMAS PADILLA
STANLEY PAPKE
DOLORES SHAUGHNESSY
PAUL T. STRAUBE, SR.
Aldermen

Published in pamphlet form by authority of the Mayor and City Council of the City of Northlake on 2-9-98
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805

EXHIBIT 2

## ORDINANCE NO. O-09-98

## AN ORDINANCE ESTABLISHING THE I-3 ZONING DISTRICT AND ESTABLISHING SPECIAL USES IN OTHER INDUSTRIAL DISTRICTS

WHEREAS, the City of Northlake Board of Appeals-Plan Commission held a public hearing, pursuant to notice duly published in accordance with law, in connection with the zoning amendments set forth below; and

WHEREAS, the City of Northlake Board of Appeals-Plan Commission recommended the zoning amendments hereinafter set forth to the Mayor and City Council; and

WHEREAS, the Mayor and City Council approve and adopt the findings and recommendations of the Board of Appeals-Plan Commission and incorporate such findings and recommendations of the Commission herein by reference as if they were fully set forth herein;

NOW, THEREFORE, BE IT ORDAINED by the City Council of the City of Northlake:

Section 1.      Zoning Ordinance Amended.  Section 482 of the Northlake Zoning Ordinance, regarding special uses in I-1 Districts, is amended to add thereto in proper sequence:

**Recycling Centers**
**Railroad Freight Yards**
**Intermodal Facilities**

[Note: these special uses are incorporated by reference into Section 492, regarding special uses in I-2 Districts.]

Section 2.      Zoning Ordinance Amended.  The Northlake Zoning Ordinance is amended to add new sections 498, 499 and 499.1 thereto in proper sequence, to read as follows:

498.  I-3 SPECIAL INDUSTRIAL DISTRICT.

Purpose.  The I-3 Special Industrial District is established to provide areas in which a wide variety of intensive industrial concerns and particular businesses may be located; to provide performance standards that will adequately protect the community, to provide regulations to assure adequate open

space between uses, and between the boundaries of the I-3 Special Industrial District and other established uses.

499.  PERMITTED USES.  The following uses are permitted:

a.  Any use permitted in the I-1 Limited Industrial or I-2 General Industrial districts.

b.  Recycling centers.

c.  Automobile storage yards, not including junk yards, provided that the storage yard is contained within completely enclosed buildings; or screened by a solid, opaque, view-screening wall at least ten feet high; or a webbed chain-link fence at least ten feet high; or by a uniformly painted solid fence at least ten feet high.

d.  Railroad freight yards.

e.  Intermodal facilities.

f.  Adult Uses as regulated by City Code §3-1A-1.

g.  Tattoo parlors.

h.  Pawn shops.

499.1.  OTHER REQUIREMENTS.  The allowed special uses, off-street parking and loading requirements, conditions of use, yard areas, building heights, and performance standards in an I-3 Special Industrial District shall be the same as provided in the I-2 General Industrial District.

__SECTION 2:__   Severability and Repeal of Inconsistent Ordinances.  Any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity thereof shall not affect any of the other provisions of this ordinance.  All ordinances in conflict herewith are hereby repealed to the extent of such conflict.

__SECTION 3.__   Effective Date.  This ordinance shall be in full force and effect immediately after its passage and publication as required by law.

ADOPTED this 9th day of February, 1998, pursuant to a roll call vote as follows:

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Dexter | X |  |  |  |
| Straube | X |  |  |  |
| LaCognata |  | X |  |  |
| Padilla | X |  |  |  |
| Papke | X |  |  |  |
| Derengowski | X |  |  |  |
| Foster | X |  |  |  |
| Shaughnessy | X |  |  |  |
|  |  |  |  |  |
| (Mayor Sherwin) |  |  |  |  |
| TOTAL | 7 | 1 |  |  |

APPROVED by the Mayor on February 9, 1998.

Jeffrey C. Sherwin
MAYOR

ATTEST:

Joanne Floistad
CITY CLERK

3

# THE CITY OF NORTHLAKE
### COOK COUNTY, ILLINOIS

# ORDINANCE
### NUMBER O-10-98

## AN ORDINANCE AMENDING THE ZONING MAP (I-3 DISTRICT)

JEFFREY T. SHERWIN, Mayor
JOANNE FLOISTAD, City Clerk
FRED J. PAUL, Treasurer

ROB DERENGOWSKI
ROGER DEXTER
BEVERLY FOSTER
JAMES LaCOGNATA
THOMAS PADILLA
STANLEY PAPKE
DOLORES SHAUGHNESSY
PAUL T. STRAUBE, SR.
Aldermen

Published in pamphlet form by authority of the Mayor and City Council of the City of Northlake on 2-9-98
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805

EXHIBIT 3

ORDINANCE NO. O-10-98

AN ORDINANCE AMENDING THE ZONING MAP (I-3 DISTRICT)

WHEREAS, the City of Northlake has applied for an application to amend the Zoning Map to change certain property to the I-3 zone; and

WHEREAS, the City of Northlake caused appropriate notice of the application to be sent by certified mail, return receipt requested, to the owners of nearby property in the manner and within the time required by Section 709 (c) of the Zoning Ordinance; and

WHEREAS, the Board of Appeals-Plan Commission held a public hearing, pursuant to notice duly published in accordance with law, in connection with the map amendment set forth below; and

WHEREAS, the City of Northlake Board of Appeals-Plan Commission recommended the zoning amendments hereinafter set forth to the Mayor and City Council; and

WHEREAS, the Mayor and City Council approve and adopt the findings and recommendations of the Board of Appeals-Plan Commission and incorporate such findings and recommendations of the Commission herein by reference as if they were fully set forth herein;

NOW, THEREFORE, BE IT ORDAINED by the City Council of the City of Northlake:

SECTION 1.   Zoning Map Amended.  The Zoning Map of the City of Northlake is amended by changing the designation of the property on the legal description attached hereto and incorporated herein to the "I-3" zone.

SECTION 2.   Effective Date.  This ordinance shall be in full force and effect immediately after its passage and publication as required by law.

ADOPTED this 9th day of February, 1998, pursuant to a roll call vote as follows:

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Dexter | x |  |  |  |
| Straube | x |  |  |  |
| LaCognata | x |  |  |  |
| Padilla | x |  |  |  |
| Papke | x |  |  |  |
| Derengowski | x |  |  |  |
| Foster | x |  |  |  |
| Shaughnessy | x |  |  |  |
|  |  |  |  |  |
| (Mayor Sherwin) |  |  |  |  |
| TOTAL | 8 |  |  |  |

APPROVED by the Mayor on February 9, 1998.

Jeffrey T. Sherwin
MAYOR

ATTEST:

Joanne Floistad
CITY CLERK

2

# ZONING LEGAL
## FOR
## THE CITY OF NORTHLAKE

THAT PART OF THE NORTH HALF OF SECTION 6 TOWNSHIP 39 NORTH RANGE 10 EAST OF THE THIRD PRINCIPAL MERIDIAN BORDERED AND DESCRIBED AS LYING EASTERLY OF THE EAST RIGHT OF WAY LINE OF THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY AND LYING SOUTHERLY OF THE SOUTHERLY RIGHT OF WAY LINE OF LAKE STREET AND LYING WEST OF THE WEST RIGHT OF WAY LINE OF WOLF ROAD, IN COOK COUNTY, ILLINOIS EXCEPT THOSE PARCELS DESCRIBED AS FOLLOWS:

### PARCEL 1 (15-06-216-018)

THAT PART OF THE NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, BOUNDED AND DESCRIBED AS FOLLOWS: COMMENCING AT THE POINT OF INTERSECTION OF THE CENTER LINE OF LAKE STREET WITH THE WEST LINE OF BLOCK 9 IN H.O. STONE NORTHLAKE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS, AS DOCUMENT NUMBER 10697148, EXTENDED SOUTH; THENCE SOUTHEASTERLY ALONG THE CENTER LINE OF SAID LAKE STREET, A DISTANCE OF 357.87 FEET TO THE PLACE OF BEGINNING; THENCE SOUTHWESTERLY ALONG A LINE PERPENDICULAR TO THE CENTER LINE OF SAID STREET, A DISTANCE OF 769.21 FEET TO A POINT 200 FEET NORTHEASTERLY OF, AS MEASURED AT RIGHT ANGLES FROM, THE CENTER LINE OF SPUR TRACK I.C.C. NO. 1101 OF THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, AS NOW LOCATED AND ESTABLISHED; THENCE SOUTHEASTERLY ALONG A LINE PARALLEL WITH THE CENTER LINE OF SAID SPUR TRACK, A DISTANCE OF 394.31 FEET; THENCE NORTHEASTERLY ALONG A LINE DRAWN PERPENDICULAR TO THE CENTER LINE OF SAID STREET, A DISTANCE OF 703.70 FEET TO THE CENTER LINE OF SAID STREET; THENCE NORTHWESTERLY ALONG THE CENTER LINE OF SAID STREET, A DISTANCE OF 389.0 FEET TO THE PLACE OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

### AND ALSO EXCEPT PARCEL 2 (15-06-216-015)

THAT PART OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF FRACTIONAL SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT THE POINT OF INTERSECTION OF THE EAST LINE OF SAID SECTION 6, WITH THE CENTER LINE OF LAKE STREET; THENCE SOUTH ALONG THE EAST LINE OF SAID SECTION, A DISTANCE OF 315.46 FEET; THENCE NORTHWESTERLY ALONG A LINE WHICH FORMS AN ANGLE OF 72 DEGREES 28 MINUTES 20 SECONDS MEASURED COUNTERCLOCKWISE FROM THE EAST LINE OF SAID SECTION, A DISTANCE OF 267.41 FEET; THENCE NORTH ALONG A LINE PARALLEL WITH THE EAST LINE OF SAID SECTION, A DISTANCE OF 299.43 FEET, MORE OR LESS, TO THE CENTER LINE OF SAID LAKE STREET; THENCE SOUTHEASTERLY ALONG THE CENTER LINE OF SAID STREET, A DISTANCE OF 262.75 FEET MORE OR LESS, TO THE POINT OF BEGINNING, (EXCEPT THAT PART TAKEN FOR STREETS) IN COOK COUNTY, ILLINOIS.

### AND ALSO EXCEPT PARCEL 3 (15-06-216-006)

THAT PART OF THE EAST ½ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST LINE OF SAID SECTION 6 WHICH IS 390.46 FEET SOUTH OF THE POINT OF INTERSECTION OF SAID SECTION LINE WITH THE CENTER LINE OF LAKE

STREET; THENCE NORTHWESTERLY ON A LINE WHICH FORMS AN ANGLE OF 72 DEGREES 28 MINUTES 20 SECONDS IN THE NORTHWEST QUADRANT WITH THE SAID EAST LINE OF SECTION 6, FOR A DISTANCE OF 249.58 FEET TO A POINT; THENCE SOUTH PARALLEL WITH THE EAST LINE OF SECTION 6, A DISTANCE OF 303 FEET TO A POINT; THENCE SOUTHEASTERLY ON A LINE WHICH IS PARALLEL WITH SAID FIRST DESCRIBED LINE FOR A DISTANCE OF 249.58 FEET TO A POINT IN SAID EAST LINE OF SECTION 6; THENCE NORTH ON SAID SECTION LINE A DISTANCE OF 303 FEET TO THE POINT OF BEGINNING.

AND ALSO EXCEPT PARCEL 4 (15-06-216-007)

THAT PART OF THE EAST ½ OF THE NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST LINE OF SAID SECTION 6, DISTANT 315.48 FEET SOUTH FROM THE POINT OF INTERSECTION OF SAID SECTION LINE WITH THE CENTER LINE OF LAKE STREET; THENCE NORTHWESTERLY ON A LINE WHICH FORMS AN ANGLE OF 72 DEGREES 28 MINUTES 20 SECONDS IN THE NORTHWEST QUADRANT WITH SAID EAST LINE OF SECTION 6, A DISTANCE OF 249.58 FEET TO A POINT; THENCE SOUTH PARALLEL WITH SAID EAST LINE OF SECTION 6, A DISTANCE OF 75 FEET, MORE OR LESS, TO THE NORTHWEST CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED BY DEED DATED APRIL 22, 1954 AND RECORDED JUNE 23, 1954 AS DOCUMENT 15941097; THENCE SOUTHEASTERLY ALONG A LINE PARALLEL WITH THE FIRST HEREIN DESCRIBED COURSE A DISTANCE OF 249.58 FEET TO THE AFORESAID EAST LINE OF SECTION 6, SAID PARALLEL LINE BEING ALSO THE NORTHEASTERLY LINE OF SAID PARCEL OF LAND SO CONVEYED BY THE AFORESAID DEED RECORDED JUNE 23, 1954 AS DOCUMENT 15941097; THENCE NORTH ALONG SAID EAST LINE OF SECTION 6, A DISTANCE OF 75 FEET TO THE POINT OF BEGINNING.

AND ALSO EXCEPT PARCEL 5 (15-06-216-022)

THAT PART NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12, LYING EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON CENTER LINE, LAKE STREET EXTENDED WHICH IS 1166.87 FEET SOUTHEASTERLY, MEASURED ALONG SAID CENTER LINE AND CENTER LINE EXTENDED FROM THE POINT OF INTERSECTION OF SAID CENTER LINE WITH A SOUTHWARD EXTENSION OF WEST LINE BLOCK 9 IN H.O. STONE NORTHLAKE ADDITION, THENCE NORTHEASTERLY ALONG A LINE WHICH IS PARALLEL WITH A LINE DRAWN AT RIGHT ANGLE TO THE SOUTHWESTERLY LINE OF BLOCK 10 IN SAID SUBDIVISION, TO CENTER LINE OF LAKE STREET, THENCE NORTHWESTERLY ALONG CENTER LINE OF LAKE STREET TO A POINT THAT IS 746.87 FEET SOUTHEASTERLY, MEASURED ALONG SAID CENTER LINE OF LAKE STREET FROM ITS INTERSECTION WITH THE AFORESAID SOUTHWARD EXTENSION OF WEST LINE BLOCK 9 AFORESAID, THENCE SOUTHWESTERLY ALONG A LINE PERPENDICULAR TO THE CENTER LINE SAID STREET, A DISTANCE OF 575 FEET, THENCE SOUTHEASTERLY AT RIGHT OF WAY TO LAST DESCRIBED COURSE, A DISTANCE OF 420 FEET, THENCE NORTHEASTERLY AT RIGHT ANGLE TO THE LAST DESCRIBED COURSE TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

AND ALSO EXCEPT PARCEL 6 (15-06-216-024)

THAT PART OF THE NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT

ON THE CENTER LINE OF LAKE STREET EXTENDED, WHICH IS 1186.87 FEET SOUTHEASTERLY, AS MEASURED ON SAID CENTER LINE AND CENTER LINE EXTENDED, FROM THE POINT OF INTERSECTION OF SAID CENTER LINE WITH A SOUTHWARD EXTENSION OF THE WEST LINE OF BLOCK 9 IN H.O. STONE NORTHLAKE ADDITION, THENCE NORTHEASTERLY ALONG A LINE WHICH IS PARALLEL WITH A LINE DRAWN AT RIGHT ANGLES TO THE SOUTHWESTERLY LINE OF BLOCK 10 IN SAID H.O. STONE NORTHLAKE ADDITION IN SAID SECTION, TO THE CENTER LINE OF LAKE STREET, THENCE EASTERLY ALONG THE CENTER LINE OF LAKE STREET, A DISTANCE OF 342.07 FEET FOR A PLACE OF BEGINNING, THENCE CONTINUING EASTERLY ALONG THE CENTER LINE OF LAKE STREET A DISTANCE OF 343 FEET MORE OR LESS TO A POINT THAT IS 255 FEET WEST OF, AS MEASURED AT RIGHT ANGLES THERETO, THE EAST LINE OF THE NORTHEAST ¼ OF SAID SECTION 6, THENCE SOUTH ALONG A LINE THAT IS PARALLEL WITH AND 255 FEET WEST OF, AS MEASURED AT RIGHT ANGLES THERETO, THE EAST LINE OF THE NORTHEAST ¼ OF SAID SECTION 6 TO ITS INTERSECTION WITH A LINE WHICH IS PARALLEL WITH AND 200 FEET NORTHERLY OF AS MEASURED AT RIGHT ANGLES FROM THE CENTER LINE OF SPUR TRACK I.C.C. NUMBER 1101 OF THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, AS NOW LOCATED AND ESTABLISHED, THENCE NORTHWESTERLY ALONG SAID LAST DESCRIBED PARALLEL LINE A DISTANCE OF 512 FEET, THENCE NORTHEASTERLY TO THE PLACE OF BEGINNING, IN COOK COUNTY, ILLINOIS.

### AND ALSO EXCEPT PARCEL 7 (15-06-216-0125)

THAT PART OF THE NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE CENTER LINE OF LAKE STREET EXTENDED WHICH IS 1186.87 FEET SOUTHEASTERLY (AS MEASURED ON SAID CENTER LINE AND CENTER LINE EXTENDED) FROM THE POINT OF INTERSECTION OF SAID CENTER LINE WITH A SOUTHWARD EXTENSION OF THE WEST LINE OF BLOCK 9 IN H.O. STONE NORTHLAKE ADDITION; THENCE NORTHEASTERLY ALONG A LINE WHICH IS PARALLEL WITH A LINE DRAWN AT RIGHT ANGLES TO THE SOUTHWESTERLY LINE OF BLOCK 10 IN H.O. STONE NORTHLAKE ADDITION IN SAID SECTION TO THE CENTER LINE OF LAKE STREET; THENCE EASTERLY ALONG THE CENTER LINE OF LAKE STREET A DISTANCE OF 342.07 FEET; THENCE SOUTHWESTERLY TO A POINT ON A LINE WHICH IS PARALLEL WITH AND 200 FEET NORTHERLY OF, AS MEASURED AT RIGHT ANGLES FROM THE CENTER LINE OF SPUR TRACK I.C.C. NUMBER 1101 OF THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY AS NOW LOCATED AND ESTABLISHED, SAID POINT BEING 779.46 FEET NORTHWESTERLY OF AND AS MEASURED ALONG SAID PARALLEL LINE THE EAST LINE OF THE NORTHEAST ¼ OF SAID SECTION 6; THENCE NORTHWESTERLY ALONG SAID LAST DESCRIBED PARALLEL LINE TO A POINT THAT IS 10 FEET NORTHERLY OF, AS MEASURED RADIAL THERETO, THE CENTER LINE OF SPUR TRACK NUMBER 1399 NOW LOCATED AND ESTABLISHED; THENCE WESTERLY AND PARALLEL WITH AND 10 FEET NORTHERLY OF THE CENTER LINE OF SAID TRACK NUMBER 1399 TO ITS INTERSECTION WITH THE FIRST MENTIONED LINE EXTENDED SOUTHWESTERLY; THENCE NORTHEASTERLY ALONG SAID FIRST MENTIONED LINE EXTENDED SOUTHWESTERLY TO THE POINT OF BEGINNING, IN COOK COUNTY, ILLINOIS.

### AND ALSO EXCEPT PARCEL 8 (15-06-216-009)

A PARCEL OF LAND IN THE NORTHEAST ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE CENTER LINE OF LAKE STREET WHICH IS 7.57 FEET SOUTHEASTERLY (MEASURED ON SAID CENTER LINE) FROM THE POINT OF INTERSECTION OF SAID CENTER LINE WITH A

3

SOUTHWARD EXTENSION OF THE WEST LINE OF BLOCK 9 IN THE H.O. STONE NORTHLAKE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS, AS DOCUMENT 10697148 (WHICH POINT OF BEGINNING IS 1957.75 FEET MORE OR LESS MEASURED PERPENDICULARLY, WEST FROM THE EAST LINE OF SAID NORTHEAST ¼ OF SECTION 6), AND RUNNING THENCE SOUTHWESTWARDLY PERPENDICULAR TO SAID CENTER LINE OF LAKE STREET A DISTANCE OF 826.21 FEET; THENCE SOUTHEASTWARDLY A DISTANCE OF 354.78 FEET TO A POINT WHICH IS 350 FEET SOUTHEASTERLY (MEASURED ALONG A LINE WHICH IS PARALLEL TO SAID CENTER LINE OF LAKE STREET) FROM THE LAST ABOVE DESCRIBED COURSE IN THE DESCRIPTION AND 768.21 FEET SOUTHWESTERLY (MEASURED PERPENDICULARLY) FROM SAID CENTER LINE OF LAKE STREET; THENCE NORTHEASTWARDLY ALONG A LINE WHICH IS PERPENDICULAR TO SAID CENTER LINE OF LAKE STREET, A DISTANCE OF 768.21 FEET TO SAID CENTER LINE OF LAKE STREET, A DISTANCE OF 768.21 TO SAID CENTER LINE OF LAKE STREET AND THENCE NORTHWESTWARDLY ALONG SAID CENTER LINE OF LAKE STREET A DISTANCE OF 350 FEET TO THE POINT OF BEGINNING IN COOK COUNTY, ILLINOIS.

### AND ALSO EXCEPT PARCEL 9 (15-06-216-019, 15-06-100-018)

A TRACT OF LAND IN THE NORTH ¼ OF SECTION 6, TOWNSHIP 39 NORTH, RANGE 12 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: COMMENCING AT A POINT ON THE CENTERLINE OF LAKE STREET WHICH IS 7.87 FEET SOUTHEASTERLY (MEASURED ON SAID CENTERLINE) FROM THE POINT OF INTERSECTION OF SAID CENTERLINE WITH A SOUTHWARD EXTENSION OF THE WEST LINE OF BLOCK 9, IN H.O. STONE NORTHLAKE ADDITION, ACCORDING TO THE PLAT THEREOF RECORDED IN RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS AS DOCUMENT #10697148, (WHICH POINT OF COMMENCEMENT IS 1957.76 FEET MORE OR LESS, MEASURED PERPENDICULARLY WEST FROM THE EAST LINE OF THE NORTHEAST ¼ OF SECTION 6); THENCE SOUTHWESTERLY ALONG A LINE DRAWN PERPENDICULARLY TO SAID CENTERLINE, A DISTANCE OF 33 FEET TO A POINT ON THE SOUTHERLY LINE OF LAKE STREET AND WHICH POINT IS ALSO IN THE NORTHWESTERLY LINE OF A CERTAIN PARCEL OF LAND CONVEYED TO THE TOUSEY VARNISH COMPANY, RECORDED IN THE RECORDER'S OFFICE OF COOK COUNTY, ILLINOIS, AS DOCUMENT #17131404); THENCE NORTHWESTERLY ALONG SAID SOUTHERLY LINE OF LAKE STREET, A DISTANCE OF 726.55 FEET TO A POINT "X"; THENCE CONTINUING NORTHWESTERLY ALONG SAID SOUTHERLY LINE OF LAKE STREET 30.16 FEET; THENCE SOUTHERLY ALONG A LINE WHICH FORMS AN ANGLE OF 60 DEGREES 49 MINUTES AS MEASURED CLOCKWISE FROM SAID SOUTHERLY LINE OF LAKE STREET, A DISTANCE OF 930.06 FEET FOR A POINT OF BEGINNING OF THE LAND HEREIN DESCRIBED; THENCE NORTHERLY ALONG A CURVED LINE CONCAVE TO THE NORTHEAST AND HAVING A RADIUS OF 1232.59 FEET A DISTANCE OF 1356.91 FEET, MORE OR LESS, TO A POINT ON THE SOUTHERLY LINE OF LAKE STREET, WHICH IS ALSO 100.00 FEET EASTERLY, AS MEASURED PERPENDICULARLY FROM THE CENTER LINE OF THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY'S MOST EASTERLY MAIN TRACK; THENCE SOUTHEASTERLY ALONG SAID SOUTHERLY LINE OF LAKE STREET, A DISTANCE OF 485.63 FEET; THENCE SOUTHEASTERLY ALONG THE SOUTHERLY LINE OF LAKE STREET (SAID SOUTHERLY LINE OF LAKE STREET PASSING THROUGH THE HEREINABOVE DESCRIBED POINT "X" AND FORMING AN ANGLE OF 171 DEGREES 34 MINUTES, MEASURED CLOCKWISE FROM THE LAST DESCRIBED LINE) A DISTANCE OF 880.59 FEET, MORE OR LESS TO THE POINT OF INTERSECTION WITH THE NORTHWESTERLY LINE OF THE PARCEL OF LAND CONVEYED TO THE TOUSEY VARNISH COMPANY; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID PARCEL RECORDED AS DOCUMENT #17131404, A DISTANCE OF 793.21 FEET TO THE POINT OF INTERSECTION WITH THE SOUTHEASTERLY EXTENSION OF THE CURVED LINE HEREINABOVE DESCRIBED;

THENCE NORTHWESTERLY ALONG SAID EXTENDED CURVED LINE, 304.593 FEET TO THE HEREIN DESIGNATED POINT OF BEGINNING;

### AND ALSO

THAT PART OF THE SOUTHWESTERLY ½ OF LAKE STREET, LYING NORTHEASTERLY OF THE ABOVE DESCRIBED PREMISES, EXCEPTING THAT PART OF THE TRACT HEREINABOVE DESCRIBED LYING SOUTHEASTERLY OF A LINE DRAWN THROUGH POINT "X" ABOVE DESIGNATED AND PERPENDICULAR TO THE SAID SOUTHWESTERLY LINE OF LAKE STREET, WHICH PASSES THROUGH POINT "X", ALL IN COOK COUNTY, ILLINOIS, EXCEPTING FROM THE ABOVE, THAT PART TAKEN FOR LAKE STREET.

GJK/pjb/cks

CKS NOTES N9432AAX22

# THE CITY OF NORTHLAKE
### COOK COUNTY, ILLINOIS

# ORDINANCE
### NUMBER O-11-98

## AN ORDINANCE REGARDING ADULT USES OF PROPERTY

JEFFREY T. SHERWIN, Mayor
JOANNE FLOISTAD, City Clerk
FRED J. PAUL, Treasurer

ROB DERENGOWSKI
ROGER DEXTER
BEVERLY FOSTER
JAMES LaCOGNATA
THOMAS PADILLA
STANLEY PAPKE
DOLORES SHAUGHNESSY
PAUL T. STRAUBE, SR.
Aldermen

Published in pamphlet form by authority of the Mayor and City Council of the City of Northlake on 2-9-98
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805

EXHIBIT 4

# ORDINANCE NO. O-11-98

## AN ORDINANCE REGARDING ADULT USES OF PROPERTY

**WHEREAS,** the City of Northlake Board of Appeals-Plan Commission held a public hearing, pursuant to notice duly published in accordance with law, in connection with the zoning amendments set forth below; and

**WHEREAS,** the City of Northlake Board of Appeals-Plan Commission recommended the zoning amendments hereinafter set forth to the Mayor and City Council; and

**WHEREAS,** the Mayor and City Council approve and adopt the findings and recommendations of the Board of Appeals-Plan Commission and incorporate such findings and recommendations of the Commission herein by reference as if they were fully set forth herein;

**NOW, THEREFORE, BE IT ORDAINED** by the City Council of the City of Northlake:

**Section 1.**     **City Code Amended.**  Chapter 3-4D of the City Code is repealed and replaced by a new Chapter 3-4D to read as follows:

**3-4D-1: ADULT USES:**

    **A.**     **FINDINGS:** The Mayor and City Council make the following findings:

        1.     It is uncontested that the City may regulate, through its zoning power, the location of sexually explicit businesses;

        2.     Zoning, when used to preserve the character of the residential and commercial areas of the City, is perhaps the most essential function performed by the City;

        3.     The City is predominately a single-family residential community with approximately 70% of the total land area of the City zoned and used for residential, school, park, cemetery and governmental purposes;

4.   The Board of Appeals-Plan Commission held a public hearing, reviewed the experiences of other municipalities, counties and units of local government relative to Adult Uses;

5.   The City of Northlake is only about three square miles in size and there are many locations available for Adult Uses in the larger, immediately surrounding communities, such as the City of Chicago, unincorporated Cook County and in other municipalities;

6.   The proposed regulation of Adult Uses serves a substantial governmental interest, while allowing for reasonable alternative avenues of communication;

7.   The Illinois Supreme Court has judicially confirmed that the regulation of Adult Uses serves a valid governmental interest;

8.   The proposed regulations are not aimed at the content of adult entertainment, but at the secondary effects associated with it including, but not limited to:

   a.   an increase in crime rates, particularly those that are sex-related;

   b.   a negative impact on the real estate market where adult entertainment is offered; and

   c.   urban blight as a result of the decrease in property values.

   In particular, the Mayor and City Council have taken notice of the blighted, dangerous and crime-producing conditions which have existed on nearby Mannheim Road, on which a number of adult-oriented businesses have located.

   In attempting to curb these secondary effects, the regulations serve the City's substantial interest in the health, safety and welfare of the people of the City; and

9.   The detailed findings summarized in the U.S. Supreme Court opinion in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S.Ct. 925 (1986), the Illinois Supreme Court opinion in *County of Cook v. Renaissance Arcade and Bookstore*, 122 Ill.2d 123 (1988), and the United States District Court, Eastern Division of Michigan opinion in *S&G News, Inc. v. City of Southgate*, 638 F.Supp. 1060 (E.D. Mich. 1986) aff'd 819 F.2d 1142 (6th Cir. 1987), were before the Board of Appeals-Plan Commission when it recommended the adoption of these regulations.

B.   **PURPOSE OF REGULATIONS:** These regulations are aimed at the secondary effects of adult uses, and not at the content of the activities performed at such uses.  In addition, these regulations are based on the City's substantial interest in preventing

2

crime, protecting retail trade, maintaining property values, and generally to protect and preserve the quality of the City's neighborhoods, commercial districts, and the quality of urban life. Furthermore, it is not the purpose of these regulations to deny anyone a reasonable opportunity to open and operate adult uses within the City. The predominate purpose of these regulations is the amelioration of socially adverse secondary effects of adult uses. Finally, the Illinois Supreme Court has judicially confirmed that the purpose of these regulations as hereinafter provided serves a valid governmental interest.

C.    DEFINITIONS:

1.    Adult Bookstore: An establishment having, as a substantial or significant portion of its sales or stock in trade, books, magazines, films for rent, sale or for viewing on premises by use of motion picture devices or by coin operated means, and periodicals, which are distinguished or characterized by their emphasis on matter depicting, describing or relating to Specified Sexual Activities, or Specified Anatomical Areas, or an establishment with a substantial or significant segment or section devoted to the sale or display of such materials; or an establishment that holds itself out to the public as a purveyor of such materials based upon its signage, advertising, displays, actual sales, presence of video preview or coin operated booths, exclusion of minors from the establishment's premises or any other factors showing the establishment's primary purpose is to purvey such materials.

2.    Adult Entertainment Cabaret:  A public or private establishment which:

a.    features topless dancers, strippers, or male or female impersonators; or

b.    not infrequently features entertainers who display Specified Anatomical Areas; or

c.    features entertainers who by reason of their appearance or conduct perform in a manner which is designed primarily to appeal to the prurient interest of the patron; or

d.    features entertainers who engage in or are engaged in explicit simulation of Specified Sexual Activities.

3.    Adult Motion Picture Theater:  A building or area used for presenting materials distinguished or characterized by an emphasis on matter depicting, describing or relating to Specified Activities or Specified Anatomical Areas for observation by patrons therein.

4.    Adult Use:  Adult Bookstores, Adult Motion Picture Theaters, Adult Entertainment Cabarets, and/or other similar uses.

3

5.    Specified Sexual Activities:   For the purpose of this Chapter, Specified Sexual
      Activities means:

      a.    human genitals in the state of sexual stimulation or arousal;

      b.    acts of human masturbation, sexual intercourse or sodomy; and/or

      c.    fondling or other erotic touching of human genitals, pubic region,
            buttock or female breasts.

6.    Specified Anatomical Areas:   For the purpose of this Chapter, Specified Anatomical
      Areas means:

      a.    less than completely and opaquely covered human genitals, pubic
            region, buttock, or female breasts below a point immediately above
            the top of the areola; and/or

      b.    human male genitals in a discernibly turgid state, even if completely
            and opaquely covered.

D.    LOCATION:   Adult Uses are permitted uses only in on lots which are more than 1000 feet
      from a lots on which an elementary or secondary school is located and
      which are in the I-3 Industrial District. For the purpose of this paragraph, the
      1000 feet is measured from the points on the boundaries of the respective
      zoning lots which are closest to each other.

E.    REGISTRATION:     The owner of any building or premises, said owner's agent for the
      purposes of managing, controlling or collecting rents, or any other
      person managing or controlling any building or premises used in
      whole or in part for an Adult Use, shall register the following
      information with the City Clerk:

1.    The address of the premises;

2.    The name(s) and address(es) of the owner(s) of the premises and the beneficial
      owner(s) if the property is in a land trust;

3.    The name of the business or establishment;

4.    The name(s) and address(es) of the owner(s), beneficial owner(s) and/or the major
      stockholder(s) of the business or establishment;

5.    The date of the initiation of the Adult Use;

6.   The nature of the Adult Use;

7.   If the premises or building is leased, a copy of said lease must be attached to the registration form.

F.   **EXTERIOR DISPLAY:** No Adult Use shall be conducted in any manner that permits the observation of any material depicting, describing or relating to Specified Sexual Activities or Specified Anatomical Areas from any public way or from any property not registered as a Adult Use. This provision shall apply to any display, decoration, sign, show window or other opening.

G.   **LICENSE REQUIRED; FEES:** No person shall operate Adult Uses within the City without first applying for an Adult Uses license therefor. The fee for an Adult Uses license and related procedures governing the licenses shall be as set forth in the business license ordinance. An Adult Uses license shall be nontransferable and shall be issued only for one specific business location.

Section 2.   **Business License Ordinance Code Amended.** Section 3-1A-1 of the Northlake City Code is amended by adding therein in proper sequence:
"Adult Uses as regulated by §3-4D-1 - $1,000.00";

and by deleting from Section 3-1A-1 the reference to "Live Entertainment".

Section 3.   **Zoning Ordinance Amended.** Section 499 of the Northlake Zoning Ordinance is amended to add therein in proper sequence:

"Adult Uses as regulated by City Code §3-1A-1"

**SECTION 2:**   Severability and Repeal of Inconsistent Ordinances. Any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity thereof shall not affect any of the other provisions of this ordinance. All ordinances in conflict herewith are hereby repealed to the extent of such conflict.

**SECTION 3.**   Effective Date. This ordinance shall be in full force and effect immediately after its passage and publication as required by law.

**ADOPTED** this 9th day of February, 1998, pursuant to a roll call vote as follows:

5

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Dexter | x | | | |
| Straube | x | | | |
| LaCognata | x | | | |
| Padilla | x | | | |
| Papke | x | | | |
| Derengowski | x | | | |
| Foster | x | | | |
| Shaughnessy | x | | | |
| | | | | |
| (Mayor Sherwin) | | | | |
| TOTAL | 8 | | | |

APPROVED by the Mayor on February 9, 1998.

Jeffrey T. Sherwin
MAYOR

ATTEST:

Joanne Flolstad
CITY CLERK

# THE CITY OF NORTHLAKE
### COOK COUNTY, ILLINOIS

# ORDINANCE
### NUMBER O-12-98

## AN ORDINANCE ESTABLISHING ZONING FOR PAWN SHOPS

JEFFREY T. SHERWIN, Mayor
JOANNE FLOISTAD, City Clerk
FRED J. PAUL, Treasurer

ROB DERENGOWSKI
ROGER DEXTER
BEVERLY FOSTER
JAMES LaCOGNATA
THOMAS PADILLA
STANLEY PAPKE
DOLORES SHAUGHNESSY
PAUL T. STRAUBE, SR.
Aldermen

Published in pamphlet form by authority of the Mayor and City Council of the City of Northlake on 2-9-98
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805

## ORDINANCE NO. O-12-98

## AN ORDINANCE ESTABLISHING ZONING FOR PAWN SHOPS

**WHEREAS,** the City of Northlake Board of Appeals-Plan Commission held a public hearing, pursuant to notice duly published in accordance with law, in connection with the zoning amendments set forth below; and

**WHEREAS,** the City of Northlake Board of Appeals-Plan Commission recommended the zoning amendments hereinafter set forth to the Mayor and City Council; and

**WHEREAS,** the Mayor and City Council approve and adopt the findings and recommendations of the Board of Appeals-Plan Commission and incorporate such findings and recommendations of the Commission herein by reference as if they were fully set forth herein;

**NOW, THEREFORE, BE IT ORDAINED** by the City Council of the City of Northlake:

**SECTION 1.**   **Zoning Ordinance Amended.**  Section 499 of the City of Northlake Zoning Ordinance (special uses in industrial zones) is amended to add thereto in proper sequence:

"Pawn Shops", which shall include any business engaged in receiving property in pledge or as security for money or other thing advanced to the pawner or pledger, and as regulated by the Pawnbroker Regulation Act, 205 ILCS 510/1 *et seq.*

**SECTION 2.**   **Effective Date.**  This ordinance shall be in full force and effect immediately after its passage and publication as required by law.

**ADOPTED** this 9th day of February, 1998, pursuant to a roll call vote as follows:

| | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Dexter | x | | | |
| Straube | x | | | |
| LaCognata | x | | | |
| Padilla | x | | | |
| Papke | x | | | |
| Derangowski | x | | | |
| Foster | x | | | |
| Shaughnessy | x | | | |
| | | | | |
| (Mayor Sherwin) | | | | |
| TOTAL | 8 | | | |

APPROVED by the Mayor on February 9, 1998.

Jeffrey L. Sherwin
MAYOR

ATTEST:

Joanne Floistad
CITY CLERK

UFO:aud:0:\map2\a.of\AL:CED\ord\pramches.ord\03\10\00\13:18\230

2

00132627
1584/0029 28 001 Page 1 of 16
2000-02-23 11:32:29
Cook County Recorder        99.00

# THE CITY OF NORTHLAKE
## COOK COUNTY, ILLINOIS



00132627

---

# ORDINANCE
## NUMBER O-02-2000

---

## AN ORDINANCE AUTHORIZING THE EXECUTION OF A CERTAIN ANNEXATION AGREEMENT IN THE CITY OF NORTHLAKE, COOK COUNTY, ILLINOIS

**JEFFREY T. SHERWIN, Mayor**
**JOANNE FLOISTAD, Clerk**
**FRED J. PAUL, Treasurer**

**ROB DERENGOWSKI**
**MICHAEL R. DUNNE**
**PETER C. MIKOS**
**DAVID A. MURRAY**
**THOMAS PADILLA**
**DOLORES SHAUGHNESSY**
**JEFFREY M. STORCK**
**PAUL T. STRAUBE, SR.**
**Aldermen**

---

Published in pamphlet form by authority of the Mayor and City Clerk of the City of Northlake on 1-3-00
ODELSON & STERK, LTD. · City Attorneys · 3318 West 95th Street · Evergreen Park, Illinois 60805

Mail to:
Attn: Mark

GROUP EXHIBIT

Exhibit "A"

RECORDING FEE $
DATE 2/23/00  COPIES C
OK

## ORDINANCE NO. O-02-2000

## AN ORDINANCE AUTHORIZING THE EXECUTION
## OF A CERTAIN ANNEXATION AGREEMENT IN THE
## CITY OF NORTHLAKE, COOK COUNTY, ILLINOIS

Be it ordained by the Mayor and Council of the City of Northlake, Cook County, Illinois in the exercise of Northlake's home rule powers as follows:

SECTION 1: The Mayor and City Clerk are hereby authorized, respectively, to execute and attest to a certain Annexation agreement, a copy of which is attached hereto as Exhibit "A" and made a part hereof.

SECTION 2: If any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity thereof shall not effect any of the other provisions of this ordinance.

SECTION 3: All ordinances in conflict herewith are hereby repealed to the extent of such conflict.

SECTION 4: This ordinance shall be in full force and effect from and after its passage, approval and publication as provided by law.

ADOPTED this 3rd day of January, 2000, pursuant to a roll call vote as follows:

|  | YES | NO | ABSENT | PRESENT |
|---|---|---|---|---|
| Derengowski | X |  |  |  |
| Dunne | X |  |  |  |
| Mikos | X |  |  |  |
| Murray | X |  |  |  |
| Padilla | X |  |  |  |
| Shaughnessy | X |  |  |  |
| Storck | X |  |  |  |
| Straube | X |  |  |  |
|  |  |  |  |  |
| (Mayor Sherwin) |  |  |  |  |
| TOTAL | 8 |  |  |  |



00132627 Page 3 of 16

APPROVED by the Mayor on January 3, 2000.

MAYOR

ATTEST:

Joanne Floistad
CITY CLERK

jlb\w\munic\northlake\ord\authorize annexation

3

## ANNEXATION AND DEVELOPMENT AGREEMENT
## BETWEEN THE CITY OF NORTHLAKE AND NORKOL, INC.

This Agreement ("Agreement") made and entered into this _____ day of

_____, _____, by and between the City of Northlake, Illinois ("City")

and Norkol, Inc., an Illinois corporation and American National Bank and Trust Company

of Chicago, as Trustee under Trust Agreement dated June 16, 1987 and known as trust

Number 102752-04 (collectively "Owner").

WHEREAS, the City is a municipal corporation in the County of Cook and State of

Illinois, and has in full force and effect certain zoning, building and subdivision ordinances

which classify and regulate the use of land and improvements within the boundaries of the

City, all of which ordinances are incorporated into this Agreement by reference and

expressly made a part hereof; and

WHEREAS, the Owner has an ownership interest in a certain tract of real estate

hereinafter legally described and which is the subject property ("Subject Property") of this

Agreement; and

WHEREAS, the Subject Property consists of approximately 5 acres; and

WHEREAS, the Subject Property has not been annexed to any municipality; and

WHEREAS, the Subject Property constitutes territory which is contiguous to and

may be annexed to the City as provided under Section 5/7-1-1, *et seq.* of the Illinois

Municipal Code (65 ILCS 5/7-1-1) *et seq.*; and

WHEREAS, the Owner desires to develop and operate the Subject Property

pursuant to the terms of this Agreement.

## EXHIBIT "A"

WHEREAS, the Owner is willing to voluntarily annex the Subject Property to the City subject to all the building, zoning and subdivision ordinances of the City or as those same ordinances may be amended by the City or as hereinafter agreed to in this Agreement; and

WHEREAS, the Owner has indicated a desire to annex to the City by having filed the necessary petitions; and

WHEREAS, the City, after due and careful consideration, has concluded that the annexation of the Subject Property to the City under the terms and conditions hereinafter set forth would further the growth of the City, enable the City to control the development of the area, and serve the best interests of the City; and

WHEREAS, pursuant to the provisions of 65 ILCS 5/11-15.1-1 *et seq.*, a proposal to annex, in substance, was submitted to the City, and a public hearing was held pursuant to notice, as provided in statutes; and

WHEREAS, all requisite fire protection districts, library districts and other governmental entities and persons entitled to notice prior to annexation of the subject property by the City have been given notice thereof by the City or the Owner as required by law; and

WHEREAS, pursuant to notice, public hearing(s) were held on the requested annexation of the Subject Property, the requisite annexation text amendments, and approvals were submitted to the City, as set forth herein.

NOW THEREFORE, for and in consideration of the mutual conditions and covenants contained herein and other good and valuable consideration, the receipt and

sufficiency of which are hereby acknowledged, it is agreed by and between the parties as

follows:

    1.    <u>Definitions</u>.  The following words and terms used in this Agreement shall

have the following meanings unless the context or use indicates another or different

meaning:

| | |
|---|---|
| AGREEMENT: | This annexation agreement. |
| CITY: | The City of Northlake. |
| CITY COUNCIL: | The City Council of the City. |
| CORPORATE AUTHORITIES: | The Mayor and City Council of the City. |
| OWNER: | Norkol. |
| PARTIES: | The City and the Owner. |
| PLANNING, ZONING & DEVELOPMENT COMMISSION: | The Planning, Zoning & Development Commission of the City. |
| SUBDIVISION CODE: | The official subdivision code of the City, as amended from time to time. |
| SUBJECT PROPERTY: | A certain parcel of real estate, consisting of approximately 5 acres, as legally described on Exhibit "A" attached hereto. |
| ZONING CODE: | The official zoning code of the City, as amended from time to time. |

    2.    <u>Definitions and Recitals</u>.  The representations and recitations set forth in the

foregoing definitions and recitals are material to this Agreement and are hereby

incorporated into and made a part of this Agreement as though they were fully set forth

herein and the same shall continue for so long as this Agreement is in force and effect. The parties mutually acknowledge and confirm the accuracy of said representations and recitations.

3.  Authority. This Agreement is made and entered into by the parties pursuant to and in accordance with the provisions of 65 ILCS 5/11-15.1-1 et seq. of the Illinois Municipal Code and the applicable provisions of the Northlake City Code.

4.  Mutual Assistance. The parties shall do all things necessary or appropriate to carry out the terms and provisions of this Agreement and to aid and assist each other in carrying out the terms and objectives of this Agreement and the intentions of the parties as reflected by said terms, including, without limitation, the giving of such notices, the holding of such public hearings, the enactment by the City of such resolutions and ordinances and the taking of such other actions as may be necessary to give effect to the terms and objectives of this Agreement and the intentions of the parties as reflected by said terms.

5.  Representations As To Necessary Action.

5.01. The City represents that it shall take all action(s) as may be required and necessary: (i) to allow for the use of the Subject Property in the same manner as the Subject Property is being used as of the date of this Agreement; and (ii) to enable the City to execute this Agreement and fully carry out and perform the terms, covenants, agreements, duties and obligations on its part to be kept and performed as created and imposed by the terms and provisions hereof.

4

5.02.  The Owner represents that they shall take all action(s) as may be required and necessary to enable the Owner to execute this Agreement and fully carry out and perform the terms, covenants, agreements, duties and obligations on its part to be kept and performed as created and imposed by the terms and provisions hereof.

6.     Development of the Subject Property.  The parties acknowledged that the Subject Property is presently developed to the satisfaction of the Owner and that the parties do not intend for this Agreement to provide for any other development of the Subject Property.

7.     Annexation.  Upon execution of this Agreement, the City shall adopt the appropriate ordinances annexing the Subject Property to the City.  The parties agree that the annexation of the Subject Property shall be undertaken pursuant to the terms and conditions set forth in this Agreement and the ordinances of the City.  The plat(s) of annexation, annexation ordinances and this Agreement shall be filed with the City Clerk and recorded with the Cook County Recorder of Deeds.

8.     Zoning.  Contemporaneously with the execution of this Agreement the City agrees to enact an ordinance zoning the Subject Property as I-2.  The City agrees to take no action to otherwise change the zoning of the Subject Property without the consent of the Owner.

9.     Public Improvements.  The parties acknowledge that no public improvements will be required pursuant to this Agreement.

10.    Rebate on Taxes.  In order to induce Owner to annex the Subject Property to the City, the City agrees on behalf of itself and any successor municipalities that for a

5

period of twenty-five (25) years from the date of execution that the City agrees to rebate to the Owner all real estate taxes, utility taxes, sales taxes or any other tax assessment or similar charge imposed or received by or payable to the City relating to the ownership, use, sales or operations of or at the Subject Property.

10.01.    Real Estate Taxes.  For a period of twenty-five (25) years from the date of execution hereof, the City's portion of the real estate taxes assessed against the Subject Property will be refunded to the Owner within thirty (30) days after the Owner furnishes the City with proof of payment of the real estate taxes to the Cook County Treasurer.

10.02.    Utility Taxes.    For a period of twenty-five (25) years from the date of execution hereof, any utility taxes levied by the City will be refunded to the Owner within thirty (30) days after the Owner furnishes the City with proof of the payment of the particular utility bill and corresponding utility taxes.

10.03.    Other Taxes.  For a period of twenty-five (25) years from the date of execution hereof all other taxes, assessments or similar charges imposed or received by or payable to the City relating to the ownership, use, sales or operations of or at the Subject Property shall be refunded to the Owner within thirty (30) days after the Owner furnishes the City with proof of the payment of said tax, assessment or similar charge.

10.04    Refund.  In the event that the City fails to make the payments required by §§ 10.01, 10.02, or 10.03 within the time provided, the City shall be obligated to pay the Owner a penalty in an amount equal to ten per cent (10%) of the amount to be refunded. Interest on any payment not made within the time required shall bear interest in accordance with the Local Government Prompt Payment Act, 50 ILCS 505/1 *et seq.*

6

In the event that the Owner brings any suit or legal proceeding on account of the City's failure to make any payment within the time provided, the Owner shall be entitled to recover its reasonable attorneys' fees and court costs incurred in connection with such proceeding.

11.    <u>Amendments to Codified Ordinances</u>.  The parties agree on behalf of themselves and any successors in interest, that any changes which may be enacted in the provisions of the ordinances of the Village after the date of this Agreement shall be applicable to the Subject Property described except as specifically modified by this Agreement.

12.    <u>Building Code Compliance.</u>  The City stipulates that the buildings and structures currently located on the Subject Property are in compliance with the applicable building codes and zoning ordinance of the City.  Notwithstanding anything to the contrary in the City's building codes or zoning ordinances, if the improvements located on the Subject Property are ever damaged or destroyed, the Owner may rebuild such improvements within the same locations and with the same design and materials as existed prior to such damage or destruction.

13.    <u>Term</u>.  This Agreement shall be binding upon the parties hereto and the successors and assigns of the Owner, and upon any successor corporate authorities of the City and successor municipalities for a period of ten (10) years from the date of execution hereof except for the rebates provided in paragraph ten (10) which shall be made by the City and any successor municipalities for a period of twenty-five (25) years from the date of execution hereof.

7

14.    <u>Cure of Defects/Litigation</u>.  In the event that the annexation of the Subject Property shall or might be held invalid as a result of any curable technical defect in the manner of the annexation, the parties shall promptly take all action necessary to rectify same.  In the event any lawsuits are brought challenging the validity of the annexation or zoning provided for in this Agreement, the terms of this Agreement shall be extended while said litigation is pending, and the parties agree to cooperate in the defense thereof; provided, however, that the actual defense of such litigation, and all costs and expenses relating thereto (including all reasonable attorneys' fees) shall be borne by the City.

15.    <u>Remedies</u>.  This Agreement shall be enforceable in any court of competent jurisdiction by either the Village or the Owner, or by any successor in title or interest or by the assigns of the parties.  Enforcement may be sought by an appropriate action at law or in equity (i) to secure the specific performance of the covenants, agreements, conditions and obligations contained herein; (ii) for actual damages for failure of performance; or (iii) for such other relief which by law or in equity is available to them.

16.    <u>No Waiver</u>.  The failure of the parties to insist upon the strict and prompt performance of the terms, covenants, agreements, and conditions herein contained, or any of them, upon any other party imposed, shall not constitute or be construed as a waiver or relinquishment of any party's right thereafter to enforce any such term, covenant, agreement or condition, but the same shall continue in full force and effect.

17.    <u>Notices</u>.  Any notice or demand required or permitted hereunder shall be in writing and shall be deemed duly served if mailed by prepaid registered or certified mail,

return receipt requested, or personally delivered with evidence of receipt, addressed as follows:

| | |
|---|---|
| To the City: | City of Northlake<br>Attn: Mayor<br>55 East North Avenue<br>Northlake, IL 60164 |
| With a Copy to: | Odelson & Sterk, Ltd.<br>Attn: Mark Sterk<br>3318 West 95th Street<br>Evergreen Park, IL 60805 |
| To the Owner: | Norkol, Inc.<br>1240 Garnett<br>Northlake, IL 60164 |
| With a Copy to: | Matthew R. Hartley<br>Skadden, Arps, Slate, Meagher & Flom<br>333 West Wacker Drive, Suite 2100<br>Chicago, IL 60606 |

or to such address or such other parties as the parties may from time to time designate by notice as provided herein. Notices shall be deemed effectively given as of the date which is two (2) business days following the date of postmarking by the U.S. Postal Service or as of the date of delivery, if hand or personally delivered or sent by facsimile transmission.

18.    General Provisions.

18.01.    In the event any phrase, paragraph, article or portion of this Agreement is found to be invalid, illegal or unenforceable by any court of competent jurisdiction, such finding of invalidity, illegality or unenforceability as to that portion shall not affect the validity, legality or enforce ability of the remaining portions of this Agreement.

18.02.    Time is of the essence of this Agreement.

9

18.03.    The laws of the State of Illinois shall govern the interpretation and enforcement of the terms and provisions of this Agreement.

18.04.    The captions and headings of the various articles and sections of this Agreement are for convenience only and are not to be construed as confining, defining, expanding or limiting in any way the scope or intent of the provisions hereof. Whenever the context requires or permits, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neuter shall be freely interchangeable.

18.05.    This Agreement is executed in four (4) duplicate originals, each of which is deemed to be an original. Upon execution, the Owner shall deliver two (2) executed originals to the City. This Agreement may be executed in counterpart originals.

18.06.    Anything herein to the contrary notwithstanding, each and all of the representations, covenants, undertakings and agreements herein made on the part of any party acting in the capacity of a trustee, while in form purporting to be the representations, covenants, undertakings and agreements of said party as trustee, are nevertheless each and every one of them made and intended not as personal representations, covenants, undertakings and agreements by said trustee or for any other purpose or intention other than the limited purpose of binding only that portion of the Subject Property held in trust. This Agreement is executed and delivered by such trustee, not individually, but solely in the exercise of the power conferred upon such trustee, as trustee, and no personal liability or personal responsibility is assumed by, nor shall at any time be asserted or enforceable against, any such trustee on account of this Agreement or any agreement of said trustee

10

in this Agreement contained, either express or implied, all such personal liability, if any, being expressly waived and released.

18.07.   The parties executing this Agreement on behalf of each of the parties to this Agreement represent and warrant that they have been duly authorized to execute this Agreement as the act and deed of such entity.

<u>18.08.</u>   The City agrees to reimburse the Owner for legal fees and expenses incurred by the Owner in connection with this Agreement and related documents in an amount not to exceed $5,000 and which fees and expenses shall be documented by the Owner prior to reimbursement.

IN WITNESS WHEREOF, the parties have executed this Agreement, or have caused this Agreement to be executed, by their duly authorized officers, as of the date first above written.

CITY:                                                    OWNER:

CITY OF NORTHLAKE, an                NORKOL, INC., an Illinois Corporation
Illinois municipal corporation


By:_____        By:_____
         Mayor                                              President

Attest:


By:_____        By:_____
        City Clerk                                        Secretary


11

AMERICAN NATIONAL BANK AND
TRUST COMPANY OF CHICAGO, as
Trustee under Trust Agreement dated
June 16, 1987

By:_____
Its:_____


Attest:


By:_____
Its:_____


jb\w\munic\northlake\agreement\annexation.agr

12

## EXHIBIT A

Lot 1 in J.L.W. - I.C.C. Industrial Center, being a Subdivision of part of the Southwest Fractional Quarter of Section 19 and the Northwest Fractional Quarter of Section 30, Township 40 North, Range 12, East of the Third Principal Meridian, according to the plat of Subdivision thereof recorded February 11, 1976 as document number 23387192, (except that part of Lot 1 taken for toll road by deed recorded April 2, 1993 as document number 93246214) in Cook County, Illinois.

P.I.N.: 12-30-102-001
12-19-300-020

**PLAT** **WITH THIS DOCUMENT**

00644423

5537/0103 96 001 Page 1 of  **7**
2000-08-22  15:03:2
Cook County Recorder      115.00

## THE CITY OF NORTHLAKE
### COOK COUNTY, ILLINOIS

---

# ORDINANCE
### NUMBER O-24-2000

---

### AN ORDINANCE ANNEXING CERTAIN TERRITORY TO THE CITY OF NORTHLAKE, COOK COUNTY, ILLINOIS

---

**JEFFREY T. SHERWIN, Mayor**
**JOANNE FLOISTAD, Clerk**
**FRED J. PAUL, Treasurer**


**ROB DERENGOWSKI**
**MICHAEL R. DUNNE**
**PETER C. MIKOS**
**DAVID A. MURRAY**
**THOMAS PADILLA**
**DOLORES SHAUGHNESSY**
**JEFFREY M. STORCK**
**PAUL T. STRAUBE, SR.**
**Aldermen**

---

Published in pamphlet form by authority of the Mayor and City Clerk of the City of Northlake on 8-7-00
ODELSON & STERK, LTD. - City Attorneys - 3318 West 95th Street - Evergreen Park, Illinois 60805

Mail TO:

City of Northlake
55 East North Ave
Northlake IL 60164

**Exhibit "B"**

00644423

## ORDINANCE NO. O-24-2000

## AN ORDINANCE ANNEXING CERTAIN TERRITORY TO THE CITY OF NORTHLAKE, COOK COUNTY, ILLINOIS

WHEREAS, the property described on Exhibit "A" attached hereto and made a part hereof (the "Subject Property") is less than 60 acres in size and is completely surrounded by the City of Northlake, Cook County, Illinois; and

WHEREAS, the Subject Property is not within the corporate limits of any municipality; and

WHEREAS, the Subject Property is contiguous to the City of Northlake; and

WHEREAS, there are no electors residing on the Subject Property; and

WHEREAS, the City of Northlake does not provide fire protection or public library services to the Subject Property; and

WHEREAS, the Subject Property does not include any highway under the jurisdiction of any township; and

WHEREAS, the City of Northlake has caused the publication of a legal notice regarding the proposed annexation of the Subject Property as required by 65 ILCS 5/7-1-13; and

WHEREAS, the Mayor and City Council have determined the best interests of the City require the Subject Property be annexed to the City.

NOW, THEREFORE, be it ordained by the Mayor and Council of the City of Northlake, Cook County, Illinois in the exercise of Northlake's home rule powers as follows:

**SECTION 1:** The Subject Property described in Exhibit "A" which is attached hereto is hereby annexed to the City of Northlake.

00644423

**SECTION 2:** The City Clerk is hereby authorized and directed to record a certified copy of this Ordinance along with an accurate plat of annexation and an affidavit of publication in the office of the Cook County Recorder of Deeds.

**SECTION 3:** If any section, paragraph, clause or provision of this ordinance shall be held invalid, the invalidity thereof shall not effect any of the other provisions of this ordinance.

**SECTION 4:** All ordinances in conflict herewith are hereby repealed to the extent of such conflict.

**SECTION 5:** This ordinance shall be in full force and effect from and after its passage, approval and publication as provided by law.

ADOPTED this 7th day of August, 2000, pursuant to a roll call vote as follows:

|                  | YES | NO | ABSENT | PRESENT |
|------------------|-----|----|--------|---------|
| Derengowski      | X   |    |        |         |
| Dunne            | X   |    |        |         |
| Mikos            | X   |    |        |         |
| Murray           | X   |    |        |         |
| Padilla          |     | X  |        |         |
| Shaughnessy      | X   |    |        |         |
| Storck           | X   |    |        |         |
| Straube          | X   |    |        |         |
|                  |     |    |        |         |
| (Mayor Sherwin)  |     |    |        |         |
| TOTAL            | 7   | 1  | —      | —       |

3

APPROVED by the Mayor on August 7, 2000.

Jeffrey T. Sherwin
MAYOR

ATTEST:

Joanne Floistad
CITY CLERK

jlb\w\munic\northlake\ord\annex territory.2

4

006444423

That part of the Northwest Fractional Quarter of Section 30, Township 40 North, Range 12, East of the Third Principal Meridian, described as follows: beginning at a point in the center line of Grand Avenue, 928.06 feet Southeasterly of the intersection of said center line with the West line of the Northwest Fractional Quarter of Section 30; Thence North 03º 59' 57" East at right angles to said center line for a distance of 734.53 feet; Thence South 85º 26' 43" East 448.48 feet; Thence North 03º 49' 17" East 301.20 feet to a point of curve; Thence Northeasterly along an arc of a circle convex Northwesterly and having a radius of 1105.98 feet for a distance of 415.05 feet to a point of tangency; Thence North 25º 19' 24" East along a line tangent to the last described arc for a distance of 81.30 feet to a line 75.0 feet Westerly (measured at right angles) of the center line of the most Westerly or Northbound main track of the Chicago and Northwestern Railway as said track is now located and established; Thence South 00º 02' 23" East along said line 1556.59 feet to the North line of Grand Avenue, Thence North 86º 00' 03" West along said line 451.40 feet; Thence South 03º 59' 57" West at right angles to said North line 523.0 feet; Thence North 86º 00" 03" West parallel with the center line of Grand Avenue 500.0 feet; Thence North 03º 59' 57" East 473.0 feet to the center line of Grand Avenue; Thence South 86º 00' 03" East along said center line 289.24 feet to the point of beginning, in Cook County, Illinois.

P.I.N.: 12-30-102-002
Address: 11600 Grand Avenue, Northlake (Unincorporated Leyden Township), IL 60164

P.I.N.: 12-30-101-002
Address: 11645 Grand Avenue, Northlake (Unincorporated Leyden Township), IL 60164

EXHIBIT "A"

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF COOK             )

I, JOANNE FLOISTAD, DO HEREBY CERTIFY that I am the duly qualified and elected Clerk of the City of Northlake, Cook County, Illinois, and that as such Clerk I do have charge of and custody of the books and records of the City of Northlake, Cook County, Illinois.

I DO HEREBY FURTHER CERTIFY that the foregoing is a full, true and correct copy of O-24-2000; AN ORDINANCE ANNEXING CERTAIN TERRITORY TO THE CITY OF NORTHLAKE, COOK COUNTY, ILLINOIS adopted and approved by the Mayor and City Council of the City of Northlake, Illinois, on August 7, 2000.

I DO HEREBY FURTHER CERTIFY that the originals of which the foregoing posting are true copies, are on file in my office.

IN WITNESS WHEREOF, I have hereunto affixed my hand and the Corporate Seal of the City of Northlake, Cook County, Illinois this 7th day of August, 2000.

_Joanne Floistad_
JOANNE FLOISTAD, CITY CLERK
CITY OF NORTHLAKE
COOK COUNTY, ILLINOIS

**PLAT WITH THIS DOCUMENT**



PLAT OF ANNEXATION
TO THE CITY OF NORTHLAKE, ILINOIS

Exhibit "C"





CITY OF NORTHLAKE
**OFFICE OF THE MAYOR**
NORTHLAKE, 60164

JEFFREY T. SHERWIN
MAYOR

August 25, 2000

Owner/Manager
All Stars Gentlemen's Club
11645 W. Grand
Northlake, IL 60164

Dear Owner/Manager;

Welcome to the City of Northlake. On August 21, 2000 the City Council approved the annexation ordinance which included your property within the corporate limits of the City.

Among the benefits of being part of a vibrant, forward looking community are police protection, licensing, and zoning and building code matters which are now administered locally rather than from the remote county offices in downtown Chicago.

Your fire protection and ambulance remains with the Leyden Fire Protection District, however, your police protection is now provided by the City of Northlake. The 911 system has been notified, however, the County Sheriff will still be responding to 911 calls until the 911 calls can be rerouted to the Northlake Police Department. The Direct number to the Northlake Police Department is (708)344-2128.

All business licenses, permits and liquor licenses will be issued through the City of Northlake. You are requested to make application for you liquor license and business licence as soon as possible.

Should you have any questions please do not hesitate to call.

Yours truly,

Jeffrey T. Sherwin
Mayor

55 E. NORTH AVENUE • NORTHLAKE, IL 60164
(708) 343-8700 • FAX (708) 343-8706

JS 44   (Rev. 3/99)                    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
ENTERTAINMENT, INC. AN ILL. CORP.
+ MICHAEL MICHALS

**DEFENDANTS** CITY OF NORTHLAKE, AN IL
MUNICIPAL CORP. & JEFFREY SHERWIN,
MAYOR

**(b)** County of Residence of First Listed Plaintiff   COOK
(EXCEPT IN U.S. PLAINTIFF CASES)

DOCKETED
JAN 3 1 2003

County of Residence of First Listed   COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

LAW OFFICES R.V. GILDO & J.M. WILLIAMS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
209 N. HALE ST.    630-462-7979
WHEATON, IL. 60187

Attorneys (If Known)
NOT KNOWN

03C 0692

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

JUDGE GRADY
MAGISTRATE JUDGE DENLOW

☐ 1  U.S. Government
      Plaintiff

☒ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties
      in Item III)

|                                          | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State    | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State| ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                               | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|--|--------------------|------------|----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |   Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |   Liability | ☐ 365 Personal Injury — |   of Property 21 USC 881 |   28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |   Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
|   & Enforcement of Judgment |   Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |   Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights |   Corrupt Organizations |
| ☐ 152 Recovery of Defaulted |   Liability |   Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
|   Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** |   Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
|   (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | |   Exchange |
| ☐ 153 Recovery of Overpayment |   Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
|   of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) |   12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle |   Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |   Product Liability | ☐ 385 Property Damage |   Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Inj. |   Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate |   & Disclosure Act | **FEDERAL TAX SUITS** |   Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment |   Sentence | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ |   Habeas Corpus: | |   or Defendant) |   Determination Under |
| ☐ 240 Torts to Land |   Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS—Third Party |   Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | |   26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | |   State Statutes |
| | | ☐ 550 Civil Rights |   Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
    Proceeding

☐ 2 Removed from
    State Court

☐ 3 Remanded from
    Appellate Court

☐ 4 Reinstated or
    Reopened

☐ 5 Transferred from
    another district
    (specify)

☐ 6 Multidistrict
    Litigation

☐ 7 Appeal to
    District
    Judge from
    Magistrate
    Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

42 U.S.C. SEC. 1983 - VIOLATIONS DUE PROCESS / EQUAL PROTECTION, 14th Amendment, 1

**VII. REQUESTED IN
COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. This case**

☐ is not a refiling of a previously dismissed action.

☐ is a refiling of case _____, previously dismissed by Judge _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
Joseph M. Williams

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of *ENTERTAINMENT INC. & MICHAEL-MICHALS*

*VS.*

*THE CITY OF NORTHLAKE, JEFFREY SHERWIN, MAYOR*

**DOCKETED**

JAN 3 1 2003

Case Number **03C 0692**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR

*ENTERTAINMENT, INC & MICHAEL MICHALS*

**JUDGE GRADY**

**MAGISTRATE JUDGE DENLOW**

| (A) | (B) |
|---|---|
| SIGNATURE *Joseph M. Williams* | SIGNATURE *Robert V. Gildo (by JMW)* |
| NAME *JOSEPH M. WILLIAMS* | NAME *ROBERT V. GILDO* |
| FIRM *209. N. HALE ST.* | FIRM *LAW OFF. R.V.GILDO* |
| STREET ADDRESS *WHEATON ILL.* | STREET ADDRESS *209 N. HALE* |
| CITY/STATE/ZIP *60187* | CITY/STATE/ZIP *WHEATON FL 60187* |
| TELEPHONE NUMBER *630-962-7979*  FAX NUMBER *630 462 8067* | TELEPHONE NUMBER *630 462-7979*  FAX NUMBER *462 8067* |
| E-MAIL ADDRESS *N/A* | E-MAIL ADDRESS *N/A* |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) *03128789* | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) *956252* |
| MEMBER OF TRIAL BAR?  YES ☒  NO ☐ | MEMBER OF TRIAL BAR?  YES ☒  NO ☐ |
| TRIAL ATTORNEY?  YES ☒  NO ☐ | TRIAL ATTORNEY?  YES ☒  NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |
| (C) | (D) |
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER  FAX NUMBER | TELEPHONE NUMBER  FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?  YES ☐  NO ☐ | MEMBER OF TRIAL BAR?  YES ☐  NO ☐ |
| TRIAL ATTORNEY?  YES ☐  NO ☐ | TRIAL ATTORNEY?  YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?  YES ☐  NO ☐ |

FILED 05  1 30 PM 1:35  CLERK DISTRICT COURT