# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 692 | **DATE** | 6/2/2004 |
| **CASE TITLE** | Entertainment, Inc. d/b/a All Stars and Michael Michals vs. City of Northlake, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the foregoing reasons, plaintiff's motions to alter or amend the judgment [25-1] and to amend the complaint [25-2] are both denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **number of notices** | **Document Number** |
| | No notices required. | | | |
| x | Notices mailed by judge's staff. | | JUN 0 3 2004 | 35 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| AMM | courtroom deputy's initials | U.S. DISTRICT COURT | | mailing deputy initials |
| | | Date/time received in central Clerk's Office | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ENTERTAINMENT, INC. d/b/a ALL      )
STARS and MICHAEL MICHALS,         )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )
                                   )    No. 03 C 692
CITY OF NORTHLAKE, an Illinois     )
Municipal Corporation, and JEFFREY )
SHERWIN, Mayor of Northlake, in    )
his Official and Individual        )
Capacities,                        )
                                   )
          Defendants.              )

DOCKETED

JUN 0 3 2004

### MEMORANDUM OPINION

Before the court are defendants' motions to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) and to amend the complaint under Fed.R.Civ.P. 15(a). For the reasons stated below, both motions are denied.

### BACKGROUND

We presume familiarity with the facts, which are set out in detail in our December 29, 2003 opinion. Nonetheless, we briefly recap those relevant to our discussion here. All Stars, a nightclub, and its owner, Michael Michals, brought this 42 U.S.C. § 1983 action against the City of Northlake and its mayor, Jeffrey Sherwin, alleging that Northlake's annexation of All Stars' property, and the resulting subjection of All Stars to Northlake's zoning and liquor license ordinances, violates plaintiffs' First



and Fourteenth Amendment rights. The complaint states that in August 2000, Northlake passed an ordinance annexing All Stars' property, which previously was located in unincorporated Cook County. Plaintiffs averred two injuries from the annexation. First, Northlake's zoning ordinances prohibited All Stars from structurally altering or improving its facilities, thereby thwarting All Stars' expansion and remodeling plans. Second, Northlake's liquor license ordinance, a more restrictive law than its Cook County counterpart, required All Stars to cut back its hours of operation. The restricted hours "severely reduced" All Stars' revenue. According to the complaint, these legislative measures were part of a larger scheme by defendants to put All Stars out of business.

Defendants moved to dismiss the complaint and argued, among other things, that the complaint was barred by the statute of limitations. We agreed, and on December 29, 2003, entered a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) in favor of defendants.[1] On January 12, 2004, plaintiffs filed a motion to reconsider and a motion for leave to amend the complaint.

---

[1]More specifically, we held that plaintiffs' injuries accrued (put another way, the statute of limitations began to run) when All Stars' property was annexed in August 2000. Therefore, under the two-year limitations period applicable to section 1983 claims arising in Illinois, plaintiffs' January 30, 2003 complaint was untimely.

## LEGAL STANDARDS

The Federal Rules of Civil Procedure do not recognize a motion to reconsider *in haec verba*, but the Seventh Circuit has made clear that a motion to reconsider a dispositive pretrial order is evaluated under either Rule 59(e) or Rule 60(b). See United States v. Deutsch, 981 F.2d 299, 300-01 (7th Cir. 1992). And, at least in this circuit, which rule applies depends entirely on when the motion is filed. See Romo v. Gulf Stream Coach, 250 F.3d 1119, 1121 n. 3 (7th Cir. 2001). If filed within ten days of the entry of judgment, it is deemed a Rule 59(e) motion; if filed more than ten days after judgment, it is characterized as a Rule 60(b) motion. See id. Plaintiffs' motion was filed within ten days of our entry of judgment, excluding weekend days and legal holidays (see Fed.R.Civ.P. 6(a); Cange v. Stotler and Co., 913 F.2d 1204, 1212-13 (7th Cir. 1990)), so we evaluate it under Rule 59(e).

Motions to reconsider brought under Rule 59(e) serve the limited functions of correcting manifest errors of law, presenting newly discovered evidence, or alerting the court to an intervening change in the law. See Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). The Rule is designed to nip legal errors in the bud, thereby sparing the parties and the courts of appeal the burden of unnecessary appellate proceedings. See Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). However, Rule 59(e) is not a mechanism through which a party may

undo its own procedural failures. The Rule "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." See <u>LB Credit Corp.</u> <u>v. Resolution Trust Corp.</u>, 49 F.3d 1263, 1267 (7th Cir. 1995). Whether to grant or deny a motion to reconsider under Rule 59(e) is "entrusted to the sound judgment of the district court." <u>Matter of</u> <u>Prince</u>, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiffs also seek to amend their complaint. Rule 15(a) provides a plaintiff, as a matter of right, one opportunity to amend the complaint before a responsive pleading is filed. Fed.R.Civ.P. 15(a). However, if a final judgment dismissing the complaint has been entered, the plaintiff's right to amend is forfeited, and amendment will be allowed only if the judgment is set aside or vacated pursuant to Rule 59(e) or 60(b). See <u>Car</u> <u>Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1111-12 (7th Cir. 1984).

## DISCUSSION

By their motion to reconsider, plaintiffs seek to "clarify" certain allegations in the complaint regarding when, and even whether, All Stars was subject to Northlake's zoning and liquor license ordinances. With respect to the zoning ordinances, the complaint's averment that "All Stars has been re-zoned into the City of Northlake in the most restrictive R-1 single family

residential use classification" (<u>Compl.</u>, ¶ 14) was, according to plaintiffs, "pled in error." <u>See Counsel Aff., filed in support of Mot. to Recon</u>, p. 1, ¶ 4. Plaintiffs' counsel now states: "Based on the research I have conducted to date, it appears that no rezoning, in fact, has taken place." <u>See id.</u>, p. 2, ¶ 5. As for Northlake's liquor license ordinance, the complaint alleged that "Plaintiffs business hours were limited *upon incorporation* into the Village from 4:00 a.m. to 2:00 a.m., upon all days but Friday and Saturday, and then to 3:00 a.m." <u>See Compl.</u>, ¶ 41 (emphasis added). Plaintiffs now maintain this allegation was "inartfully drafted," and proffer that their business hours actually did not change upon incorporation in August 2000, but rather eight months later, when All Stars received its liquor license from Northlake on April 27, 2001. <u>See Counsel Aff.</u>, p. 3, ¶ 12.

Plaintiffs therefore seek reconsideration of this court's decision on the ground that, when viewed in the light of their newly-minted allegations, it was based on "a manifest error of fact and law."[2] <u>See Romo</u>, 250 F.3d at 1121 n. 3 ("Rule 59(e) requires that the moving party clearly establish a manifest error of law or an intervening change in the controlling law or present

---

[2]Plaintiffs contend, under their "clarified" submissions, that their liquor ordinance claim did not accrue until April 2001, and therefore was timely, and that their zoning ordinance claim never accrued at all. (Of course, this also would mean that the zoning ordinance "claim" has not ripened into a justiciable controversy.)

newly discovered evidence."). Plaintiffs misapprehend the "manifest error" basis for relief. In determining whether we committed error, we evaluate our opinion on the record as it existed *at the time of the decision*, and do not, as plaintiffs suggest, consider asserted facts in addition to or different from those then before us. And plaintiffs do not argue, and we do not find, that our decision was incorrect based on the record at the time our decision was rendered. In short, we find no "manifest error."

Plaintiffs also argue, if implicitly, that we should consider their post-judgment submissions because they are newly discovered. <u>See</u> <u>Reply Br.</u>, p. 6 ("Plaintiffs' fault can be explained by unfortunate drafting *and the fact that [plaintiffs'] have not yet conducted discovery.*") (emphasis added). "Newly discovered evidence" will be received on a motion to reconsider only if the movant shows that he could not with reasonable diligence have discovered and produced the evidence during the pendency of the prior motion. <u>See</u> <u>Caisse Nationale de Credit Agricole v. CBI Indus.</u>, 90 F.3d 1264, 1269-70 (7th Cir. 1996). We need not tarry long here. On the question of when All Stars' hours of operation were actually impacted by Northlake's liquor license ordinance, plaintiffs' counsel simply had to pick up the telephone and ask his client. Regarding whether All Stars had been re-zoned into a more restrictive classification, counsel needed only inquire

of Northlake city hall to determine whether a re-zoning ordinance, a matter of public record, had been passed.  In other words, all the evidence underlying plaintiffs' new allegations was available to them through the exercise of reasonable (or more likely, any) diligence before they even filed their complaint, let alone before this court entered judgment.

Plaintiffs' motion is not about "manifest error" or "newly discovered evidence."  It is simply plaintiffs' attempt to use Rule 59(e) as a means to resuscitate their claims with evidence and allegations that were readily available long before judgment was entered.  But it is black-letter law that the Rule cannot be used for such purposes.  See Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) ("The Rule does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could and should have been presented to the district court prior to the judgment."); 11 Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1, at 127-28 (2d ed. 1995) (same); 12 *Moore's Federal Practice* § 59.30 [6] (3d ed. 1998) (Martin H. Redish, ch. ed.) (same).  In sum, relief under Rule 59 is unavailable to these plaintiffs.[3]

---

[3]In a proper case, the maxim controlling here - that a party may not raise matters that could and should have been raised during resolution of the prior motion - *might* yield were that party to offer a compelling reason for failing to do so. Plaintiffs do not even attempt any such justification.

Finally, because we decline to reopen our final judgment under Rule 59(e), plaintiffs' motion for leave to amend their complaint is likewise denied. See <u>Helm v. Resolution Trust Corp.</u>, 84 F.3d 874, 879 (7th Cir. 1996); <u>Vicom, Inc. v. Harbridge Merchant Services</u>, 20 F.3d 771, 784 (7th Cir. 1994).[4]

## CONCLUSION

For the foregoing reasons, plaintiffs' motions to alter or amend the judgment and to amend the complaint are both denied.

DATE:    June 2, 2004

ENTER:

John F. Grady, United States District Judge

---

[4]Even if plaintiffs had established a basis for relief under Rule 59(e), their motion for leave to amend would still be denied under Rule 15(a) on the ground of undue delay, *i.e.*, failing, without reasonable justification, to assert their amendments prior to judgment. See <u>Figgie Int'l v. Miller</u>, 966 F.2d 1178, 1180-81 (7th Cir. 1992) ("In a post-judgment situation, delay without explanation is sufficient reason to deny a motion to amend. . . . [L]ack of diligence in bringing the claim pre-judgment constitutes undue delay.")